Moore *v.* Meyer & Power Company, Appellant.

Argued March 29, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Lee C. McCandless,* with him *James E. Marshall,* of *Marshall & McCandless,* for appellant.

*J. Campbell Brandon,* of *Brandon & Brandon,* with him *Carmen V. Marinaro,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, April 22, 1943:

Herbert Moore, appellee, instituted this action in trespass to recover for personal injuries sustained as a result of a collision between an automobile in which he was riding as a passenger and a truck allegedly belonging to Meyer & Power Company, appellant. The question of negligence and agency of the driver of the truck were submitted to a jury which failed to agree and was discharged. Meyer & Power Company filed a motion for judgment on the whole record, which was refused, and it then took this appeal.

The accident occurred about 1 p.m. on February 5, 1940, while appellee was a guest passenger in a Ford sedan owned and operated by one Charles Young. Young was proceeding north on Route No. 68, a sixteen-foot concrete highway running between Butler and Chicora, Pennsylvania, at about 35 miles per hour. The highway at the point of accident is comparatively straight for a distance of 300 feet. There was slush and snow along both sides of the highway, but the traffic lanes of the highway were free from slush and snow. At the same time a truck, upon the sides of which were the words "Meyer & Power Ice Cream", driven by one Wallace, was proceeding south on Route 68, at a speed also estimated at 35 miles per hour. The drivers of the respective vehicles first observed each other when about 200 feet apart and both vehicles were on their proper side at that time. Young, driver of the automobile in which appellee was riding, edged his vehicle toward the right, mistakenly believing that there was insufficient room to enable the oncoming truck to pass. When its rear wheels came into contact with the snow and slush on the berm, the sedan suddenly swerved and skidded across the highway at right angles to and directly in front of the oncoming truck which struck it broadside. Whether the sedan had come to a stop or was still in motion at the time of the collision does not appear and the appellee's evidence does not establish the distance between the two vehicles when the skid began. On appellant's side of the case, Wallace, the driver of the truck, stated he was about fifty feet from the sedan when it skidded into his path, and he immediately drove his truck to the right and off the paved portion of the highway, but was unable to bring it to a stop in time to avoid the collision, despite his best efforts. At the time of the impact the sedan was two-thirds off the highway, the rear wheels remaining on the concrete, and the truck was off the improved portion of the highway with the exception of the two left wheels.

In the view we take of the case, the sole question is whether appellee has sustained the burden resting upon him (*Cox v. Wilkes-Barre Railway Corp.*, 340 Pa. 554, 560), of showing sufficient opportunity, after the appearance of danger, for appellant's driver to have avoided the collision by the then exercise of reasonable care, to warrant any inference of negligence by reason of his failure to do so. Viewing the evidence most favorable to the appellee and giving him the benefit of all inferences which might properly be deduced therefrom, we conclude, contrary to the court below, that he failed to sustain this burden.

It is true, as said in *Nark v. Horton Motor Lines, Inc.*, 331 Pa. 550, 553, that "No man has a right to continue his car or truck in motion if such motion makes an injury to another car or to any person inevitable or reasonably probable." But the evidence adduced by appellee in the present case renders this rule inapplicable. Not only does the evidence fail to disclose any estimate of the period elapsing between the time the sedan swung to the left and the impact, but appellee's own evidence affirmatively establishes that the whole series of events culminating in the collision "happened like a flash." Similarly, Young, driver of the automobile and the only other witness for appellee as to how the accident happened, stated the impact "happened so quick" after the sedan started to skid that he could not say whether the automobile had come to a stop or was still in motion at the time of impact, and admitted his inability to give any estimate whatever of the time "that passed between the time [he] first saw the truck coming toward [him] and the time [he] landed on the other side of the road." Far from showing a situation within the rule of the *Nark* case, the evidence brings this case squarely within the rule that negligence will not be inferred from a failure to perform a duty so suddenly and unexpectedly arising that there was no opportunity to apprehend the situation and act according to the exigency. As said in *Polonofsky*

*v. Dobrosky,* 313 Pa. 73, 76: "When one finds himself in a position of danger which is not the result of his negligence he is not responsible if he makes a mistake in judgment in getting out. An honest exercise of judgment is all that is required of him even if he could have done better had he had time to deliberate." See also *Mulheirn v. Brown,* 322 Pa. 171, 176; *Sudol v. Gorga,* 346 Pa. 463, 467. "It is the duty of the driver of a . . . motor vehicle at all times to have his car under control, and having one's car under control means having it under such control that it can be stopped before doing injury to any person in any situation that is *reasonably* likely to arise under the circumstances": *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 504; *Nelson v. Damus Bros. Co.,* 340 Pa. 49, 51.

In the Nark case, the automobile in which the injured passenger was riding had come to a complete stop and the offending vehicle was then 75 feet away but the driver did nothing to avoid colliding with the stopped car; he made no attempt whatever to prevent the collision which was then inevitable or reasonably probable if he continued the forward motion of his car. That case and *Stern v. Passaro,* 326 Pa. 187, also relied upon by appellee, presented evidence which, if believed by a jury, established facts from which it could properly be inferred that but for the offending driver's negligent failure to act the accidents could have been averted or at least the damage would have been negligible. Evidence was presented from which a jury could rightly find that there was an opportunity to act after the appearance of danger.

Judgment is reversed and judgment is here entered for appellant on the whole record.