## Rohay, Appellant, *v.* Breyak.

Argued October 9, 1962. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*J. P. Gill,* with him *Edward O. Spotts,* for appellant.

*H. N. Rosenberg,* with him *Rosenberg and Rosenberg,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 8, 1963:

Appellant, Joseph A. Rohay, brought an action in trespass against appellee, William Breyak, for personal injuries suffered by appellant when the car driven by appellee, in which appellant was a passenger, crashed into a telephone pole.

At about 9:00 p.m. on December 28, 1956, appellant was a passenger in an automobile operated by appellee which was traveling in a northerly direction along Route 28, about one-half mile south of New Kensington. The road was partially wet and there was slush and mud on the shoulder of the road. Prior to the accident appellee was traveling about 45 miles an hour. As he proceeded north, appellee saw a southbound tractor-trailer being operated in the opposite direction. Suddenly another automobile, traveling in excess of 60 miles an hour, pulled out from behind the tractor-trailer and crossed into the appellee's lane of travel when the two cars were about 50 yards apart. When the two vehicles were about 30 feet from each other, appellee swerved off the road to his right and went onto the shoulder in order to avoid a head-on collision.

After traveling approximately 50 feet on the shoulder, appellee tried to return to the highway but the rear wheels of his car began to slide causing the rear of his automobile to crash into a telephone pole. The jury returned a verdict for the appellee and appellant's motion for a new trial was denied. An appeal to this Court followed.

The sole question before us is whether there was evidence to support appellant's request for a charge "that even though there was a sudden emergency, if the jury found that this sudden emergency had ceased and then the defendant was thereafter negligent in trying to re-enter the highway that they could find a verdict in favor of plaintiff." The trial court correctly denied this request for want of sufficient evidence.

The lower court properly charged the jury on the issue of whether a sudden emergency justified appellant's actions: "Determine if this is what we call sudden emergency, or one is placed in sudden peril, driving out on the highway and a truck comes directly over your path, this means imminent danger or death, you turn and do the craziest thing, whether you turn to the right or left or go somewhere to escape that accident. This is what we call sudden peril."

It was not necessary to charge the jury on the possibility of the sudden emergency terminating once the automobile was on the shoulder. If we assume as we must—since the appellee is the verdict winner—that the jury found a sudden emergency initially arose to excuse the appellee from driving off the road, then the physical facts indicate that the emergency must have continued up until the point of impact. Appellee veered onto the shoulder at a speed of 45 miles an hour in order to avoid a head-on collision with an automobile which was coming directly at him at a speed of over 60 miles an hour. The distance traversed between the time he veered off the highway until he hit the pole

was only 50 feet. If the jury found a sudden emergency initially existed, so as to force appellant to make a momentary decision based upon impulse and instinct, then it is unreasonable to conclude that appellee was able to weigh alternative courses of action in the flashing instant that he was on the fifty-foot shoulder of the road. In the face of these strong physical facts, the vague statement of appellant—an obviously interested witness—that appellee had the car "pretty much under control" was correctly found by the court below to be insufficient to justify the requested charge.[1]

In support of his position appellant relies heavily upon *Randolph v. Campbell,* 360 Pa. 453, 62 A. 2d 60 (1948). That case differs significantly from the instant case in several respects. First, the automobile in *Randolph* traveled three times further (150 feet to 50 feet) along the shoulder before the collision and therefore a jury could find the driver in that case had considerably more time to gain control over himself and his car. Secondly, the shoulder in the instant case was muddy and slushy, a fact which further contributed to the existence of an emergency situation.

Judgment affirmed.

---

[1] Normally the question of sudden emergency is for the jury but where, as in this case, the physical facts giving rise to the inception or termination of the emergency leave no room for doubt, the issue becomes a matter of law for the judge. *Moore v. Meyer & Power Company,* 347 Pa. 152, 31 A. 2d 721 (1943).