## Tomasek, Appellant, *v.* Monongahela Railway Company.

372

Argued March 17, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Herman M. Buck*, with him *Harry Humbert*, and *Ray, Buck, John & Hook*, for appellant.

*Fred C. Adams*, with him *Coldren & Adams*, for appellants.

*Herbert Margolis,* for appellant.

*Thomas A. Waggoner,* for appellee.

OPINION BY MR. JUSTICE JONES, November 14, 1967:

On January 28, 1963, Harry E. Tomasek (decedent) was operating his motor vehicle in an easterly direction on the Republic-New Salem highway in Fayette County and in the front seat of that motor vehicle were Tomasek's wife, Marlene Tomasek, and his brother, William Tomasek. At approximately 8:40 p.m., while the Tomasek motor vehicle was entering upon a grade railway crossing of the Monongahela Railway Company (Railway) in Newboro, Fayette County, the right front end of the Tomasek motor vehicle collided with the left front end of a locomotive of the Railway and, as a result of that collision, decedent was killed and his wife and brother seriously injured.

Three trespass actions were instituted in the Court of Common Pleas of Fayette County: (1) Marlene Tomasek sued the Railway and John Tomasek, decedent's personal representative; (2) William Tomasek sued the Railway and decedent's personal representative; (3) John Tomasek, decedent's personal representative, sued the Railway. All three actions were consolidated for trial and, after trial, the jury returned verdicts in favor of the Railway in the three actions against it and for the decedent's personal representative in the two actions wherein he was an additional defendant. The court below denied new trials as against the Railway but granted new trials against decedent's personal representative in the two actions wherein he was an additional defendant. In granting the new trials, the trial court was of the opinion it had erred in certain instructions to the jury.

From the judgments entered on the verdicts in favor of the Railway Marlene Tomasek, William Tomasek

and decedent's personal representative have appealed; from the orders granting Marlene Tomasek and William Tomasek new trials, decedent's personal representative has appealed.

The facts and considerations attendant on each appeal and the evidence must be evaluated.

The Republic-New Salem road in Newboro is intersected at a 23° angle by a railroad crossing which is marked by an "X" railroad sign. The train of the Railway approached this grade crossing, at a speed of approximately 15-18 miles per hour, from a southerly direction. South of the highway and west of the Railway right-of-way is a building which to some extent obstructs observation of a train approaching the highway intersection from the south to a motorist approaching the crossing from the west; at a distance of 150 feet from the railroad crossing the view south along the Railway right-of-way is obstructed but, at a distance of 10 feet west of the railroad crossing, there is an unobstructed view for a distance of 2100 feet. At the time of the accident, the weather was cold, the highway relatively clear and visibility good.

Decedent was travelling at approximately 30 miles per hour and he had slowed down his motor vehicle "to practically a stop" at a point 100 yards from the railroad crossing and then had accelerated his speed but he did not stop prior to entering upon the crossing. The Estate's principal contention is that the evidence of decedent's failure to stop, look and listen should not preclude him, under the circumstances, from recovery against the Railway.

Under our case law, the driver of a motor vehicle must stop, look and listen before entering upon a railroad crossing (*Riesberg v. Pittsburgh & Lake Erie Railroad*, 407 Pa. 434, 440-442, 180 A. 2d 575 (1962); *Geelen v. Penna. R.R. Co.*, 400 Pa. 240, 247, 248, 161 A. 2d 595 (1960)) and he must continue to look and

listen until he has passed over the crossing (*Kolich v. Monongahela Ry. Co.,* 303 Pa. 463, 154 A. 705 (1931)); a failure to do so constitutes contributory negligence as a matter of law.

Where the driver of a motor vehicle is killed at a railroad crossing a presumption arises that he exercised due care and did stop, look and listen before committing himself to the crossing (*Pennsylvania R.R. Co. v. Weber,* 76 Pa. 157, 170 (1875); *Schum v. Pennsylvania R.R. Co.,* 107 Pa. 8, 12 (1884); *Travis v. Pennsylvania Railroad Co.,* 377 Pa. 537, 541, 542, 105 A. 2d 131 (1954); *Keasey v. Pittsburgh & Lake Erie R.R. Co.,* 404 Pa. 63, 68, 69, 170 A. 2d 328 (1961)). However, this presumption is rebuttable and, when the evidence or circumstances incontrovertibly reveal that decedent did not stop, look and listen, the presumption becomes inapplicable: *Christy v. Pennsylvania Railroad Co.,* 283 Pa. 538, 542, 129 A. 575 (1925); *Weber v. Pittsburgh & W. Va. Ry.,* 300 Pa. 351, 354, 150 A. 624 (1930); *Zotter v. Lehigh Valley R.R. Co.,* 280 Pa. 14, 21, 22, 124 A. 284 (1924); *Grimes v. Pennsylvania Railroad Co.,* 289 Pa. 320, 325, 326, 137 A. 451 (1927).

In the case at bar, decedent's personal representative contends he is entitled to a new trial because the record does not warrant a finding that the Railway was free of negligent conduct and the presumption that decedent exercised due care was applicable under the circumstances. Of course, we have no way of knowing whether the jury believed that the Railway was negligent or that decedent was contributorily negligent, or both; to evaluate the verdict, as decedent's personal representative would suggest, would involve only speculation and conjecture.

Our review of the instant record indicates the complete absence of any testimony that decedent stopped, looked and listened and, on the contrary, the uncontradicted testimony and physical circumstances reveal

that decedent did not do so. Under such circumstances, the presumption that decedent did exercise due care does not avail his personal representative. On the basis of the present record the trial court would have been justified in not submitting the personal representative's case to the jury on the ground that decedent was unequivocally guilty of contributory negligence. The court below properly refused decedent's personal representative a new trial against the Railway.

Whether Marlene and William Tomasek are entitled to a new trial against the Railway presents a slightly different question. Marlene Tomasek and William Tomasek were passengers in the front seat of decedent's motor vehicle, in which, except for a small opening in one wing window, all the windows were closed. Both Marlene and William Tomasek testified that, for a distance of at least 200 feet from the crossing, there had been no conversation between decedent, William and/or Marlene Tomasek and that they saw no light nor did they hear any whistle or bell warning from the locomotive.

William Tomasek testified that decedent's motor vehicle, as it approached the crossing, was travelling about 25-30 miles per hour and that it did not slow up as it approached the crossing; that he lived approximately one mile from the crossing and he knew that a train traversed the crossing between 8:20 and 8:40 each evening; that, although decedent was not intimately familiar with the crossing, he was familiar with its location and that he, William Tomasek, had not informed decedent of the presence of the crossing or of the approximate time the evening train traversed the crossing. Marlene Tomasek testified that she knew the location of the crossing but had never paid much attention to it; that she had traversed the crossing about an hour and a half prior to the accident; that the decedent was "not that much" familiar with the crossing;

that she did not warn decedent of the railroad crossing and that, although she had been looking ahead for some distance, she failed to see the railroad crossing sign.

William Majesky and Ronald Kaufman who were following decedent's motor vehicle at a distance of 200 feet, had the car radio on and believed that their car windows were closed. Majesky testified that decedent was driving between 40-45 miles per hour and that he did not stop or slow down as he approached the crossing. As to the blowing of a whistle or the ringing of a bell on the locomotive, Majesky testified "there might have, but I didn't hear it". Majesky agreed with Kaufman's testimony that the locomotive's headlight was operating. Kaufman testified that, while the whistle and bell could have been sounded, he did not hear either. Mary Staron and Jerome Bykowski, who were seated in a parked car near a store adjacent to the crossing which car was facing in the direction of the approaching train, stated they saw the "big light" in the front of the train and heard the train whistle blowing. Six Railway employees, who were either working or travelling on the train, testified they heard the bell ringing and the whistle blowing 1,000 feet from the crossing.

The duty of guest passengers, such as were William and Marlene Tomasek, when the motor vehicle in which they are passengers approaches a railroad crossing, has been set forth in *Highton v. Penna. R.R. Co.*, 132 Pa. Superior Ct. 559, 565, 1 A. 2d 568 (1938) : ". . . a guest passenger, if he is *aware* of the existence of a railroad crossing, is, like the driver, required, himself, to obey, and do what he can under the circumstances to see that the driver obeys, the peremptory rule requiring all persons about to enter upon a railroad track to stop, look and listen" (p. 565) and "[a] guest in an automobile who sits beside the driver with full knowl-

edge of the surroundings and makes no protest, joins in testing the danger and is charged with contributory negligence: [citing authorities]". *Burkman v. Anderson*, 324 Pa. 206, 210, 188 A. 287 (1936) and cases therein cited. Both William and Marlene Tomasek knew of the existence of this crossing, William being the more familiar with its site and surroundings. William Tomasek knew the approximate time to expect a train to traverse the crossing and both Marlene and William were of the opinion that the decedent was not familiar with the crossing. Under such circumstances, whether Marlene and William Tomasek were contributorily negligent in not warning decedent of the presence of the railroad crossing so that he could stop, look and listen and in not protesting decedent's action was a question for determination by the jury. The jury might well have found, under these circumstances, that both William Tomasek and Marlene Tomasek were contributorily negligent.

Marlene and William Tomasek, taking the position that, as a matter of law, they were not contributorily negligent, contend that the trial court should not have instructed the jury on the duty of a guest passenger when the motor vehicle in which he is a passenger approaches a railroad crossing. Our view of the factual situation portrayed by this record indicates that the instructions were proper in this respect and that the question of whether Marlene and William Tomasek, or either, were contributorily negligent was, under the evidence, for determination by the jury and had the trial court not so charged it would have erred under the circumstances.

The grant or refusal of a new trial is within the sound discretion of the trial court and we will not reverse the action of the trial court unless the record shows that the court committed an error of law or clearly and palpably abused its discretion. See: *Zeman*

*v. Canonsburg Borough,* 423 Pa. 450, 454, 223 A. 2d 728 (1966) ; *Burd v. Penna. R.R. Co.,* 401 Pa. 284, 290, 164 A. 2d 324 (1960), and cases therein cited. We find neither a commission of legal error nor an abuse of discretion in the refusal of new trials to Marlene Tomasek and William Tomasek against the Railway.

Decedent's personal representative contends that the court below erred in granting new trials to Marlene and William Tomasek against him. The court below, granting new trials, believed that it had erred in instructing the jury as follows: "Now in the two cases in which John Tomasek, Administrator of the Estate of Harry E. Tomasek, deceased, is the additional defendant, that is in the two actions in which William Tomasek and Marlene Tomasek are plaintiffs, respectively, you are instructed to disregard their testimony, that is William Tomasek's and Marlene Tomasek's testimony entirely in arriving at your determination of the claims against the Estate [of the decedent] . . . and should confine yourselves to the testimony of the remaining witnesses. There is a strict statutory prohibition of the use of their testimony by reason of Harry E. Tomasek's death and subsequent inability to testify in his own behalf, and it would serve no useful purpose to explain the policy or logic reflected by this statute. It requires that you disregard the testimony of surviving interested parties to the accident in the status of Marlene Tomasek and William Tomasek."

The court below correctly charged that, in the actions of William and Marlene Tomasek against decedent's personal representative, the jury could consider all of the testimony *except that of Marlene and William Tomasek,* although the court did not exclude the jury from considering their testimony in their actions against the Railway. The court below was of the opinion the instruction was erroneous in not eliminating the issue of contributory negligence from the jury's con-

sideration. We disagree. The physical circumstances surrounding the accident plus testimony other than that of Marlene and William Tomasek clearly raised the question of contributory negligence.

The only objection at trial to the competency of Marlene and William Tomasek was that such testimony offended the so-called Dead Man's Act (Act of May 23, 1887, P. L. 158, §5, 28 P.S. §322) and such objection was made by counsel for decedent's personal representative. The trial court properly held that the testimony of both William Tomasek and Marlene Tomasek would offend the so-called Dead Man's Act in their actions against the personal representatives but would not offend such statute in their actions against the Railway.

The thrust of the argument of Marlene and William Tomasek which prompted the court below to grant them new trials against the personal representative was that the court should have stated to the jury that, since their testimony was inadmissible against the personal representative and since their testimony alone raised the issue of contributory negligence on their part, such issue should not have been considered. Such charge would not have been consonant with the record.

Moreover, counsel for Marlene and William Tomasek at trial did not specifically object to the charge in this respect nor did they give the trial court an opportunity to cure the alleged infirmity in the charge by calling it to the court's attention. It is not urged in this respect that the trial court erred in what it did say but in what it did not say to the jury. Reading the instructions in their entirety we feel that the jury were given to understand that as against the Estate *all* the testimony of both Marlene and William Tomasek was excluded on whatever phase of the accident; our examination indicates that the court made clear that *all*, not *some*, of their testimony was inadmissible

against the Estate. Had the court eliminated in their actions against the personal representative the question of contributory negligence, arising from the circumstances and testimony other than their testimony, it would have been in error. Moreover, the failure of trial counsel to specifically except to the alleged deficiency in the charge was fatal. See: *Lobalzo v. Varoli*, 422 Pa. 5, 6, 7, 220 A. 2d 634 (1966). Under the instant circumstances, the court below erred in granting new trials.

Judgments entered on the verdict in favor of the Railway are affirmed. The orders of the court below granting new trials to William Tomasek and Marlene Tomasek against the decedent's personal representative are reversed and judgments should be entered on the verdicts in such actions.

Mr. Justice EAGEN and Mr. Justice ROBERTS would affirm the order of the court below granting new trials to Marlene and William L. Tomasek against John Tomasek, Personal Representative of the Harry E. Tomasek Estate.