386 A.2d 77

**John A. PALMER, a minor, by his parent and natural guardian, Charles A. Palmer, and Charles A. Palmer, in his own right, Appellants,**

**v.**

**Arthur Wilbur BREST, Jr.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1977.

Decided April 28, 1978.

Frances S. Palmer, Sharon, for appellants.

George Hardy Rowley, Greenville, with him Voorhies, Dilley, Keck, Rowley & Wallace, Greenville, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant case was initiated as a complaint in trespass against Arthur Wilbur Brest, Jr., appellee, for personal injuries sustained by John Palmer, a minor in an auto accident. Brest was driving and John Palmer, appellant, was riding with him as a guest passenger. Since John Palmer is a minor, his father, Mr. Charles Palmer, sued in his son's behalf for loss of earning capacity, future medical expenses, pain, suffering and inconvenience. Mr. Palmer also sued in his own right for the cost of medical expenses incurred in caring for his son.

The facts surrounding the case are as follows. On the evening of August 7, 1971, John Palmer and Arthur Brest

were among those persons attending a bazaar at St. Michael's Church on Highland Boulevard in Sharon, Pennsylvania. They were residents of West Middlesex. Approximately at 10:00 P. M. that evening, word traveled through the bazaar that the police were coming to break up a fracas between young people from Farrell, Pennsylvania and West Middlesex, Pennsylvania. In response to this message, a number of the youths, including John Palmer and Arthur Brest, quickly decided to leave the bazaar.

Witnesses for appellant testified that "everybody was running" and that the teenagers were jumping into cars and taking off to get back to West Middlesex "as quick [sic] as they could," with Palmer riding in Brest's car.

On the way back to West Middlesex, Brest testified that he unintentionally was traveling 50 mph in a 35 mph zone. He was negotiating a curve when the right wheels of his auto went onto the berm. He attempted to get back onto the road surface and was braking his car to slow it down when his foot slipped off the brake pedal and onto the accelerator. The automobile surged forward, crossed the road, and ran into a mailbox and a fire hydrant on the opposite side of the street, stopping in a culvert. Both Brest and Palmer testified they were not aware of the 35 mph speed limit; Palmer further adding he had seen no signs concerning speed limit.

As a result of the accident, the door on the passenger's side of the car was caved-in almost to the back of the car and the windshield on that side was broken. Palmer was thrown from the car and was found lying unconscious about 25 feet from the vehicle. Brest was not seriously injured. Palmer did not regain full consciousness for three days following the accident, suffering from a severe cerebral contusion, a deep laceration to the forehead exposing the skull, lacerations of the left upper eye and right forearm. Furthermore, Palmer's right tibia was fractured and required a cast. He also had a hematoma of his right elbow, multiple abrasions, cuts and contusions.

■ The jury returned a verdict for Mr. Palmer, the father, in the amount of $2,500 and $500 for John Palmer. The lower court refused a motion for a new trial based on inadequacy of the verdict, finding that the verdict may have been a compromise because there was some evidence of contributory negligence on John Palmer's part. John Palmer appeals from the trial court's judgment and asks this court to remand for a limited hearing comprehending only the issue of damages.

Appellant asks this court to reverse the verdict and judgment returned because at trial the amount awarded him as compensation for his injuries was inadequate. We agree with appellant and reverse and remand for a new trial limited to damages.

■ It is the general rule that the granting or denying of a new trial is a decision within the sound discretion of the trial judge, *Burrell v. Philadelphia Elec. Co.*, 438 Pa. 286, 265 A.2d 516 (1970); *Austin v. Ridge*, 435 Pa. 1, 255 A.2d 123 (1969), whose ruling will be reversed on appeal only where the record indicates that the trial judge committed an error of law or clearly and palpably abused his discretion. *Tomasek v. Monongahela Ry. Co.*, 427 Pa. 371, 235 A.2d 359 (1967); *Phelps v. Paul L. Britton, Inc.*, 412 Pa. 55, 192 A.2d 689 (1963); *McArthur v. Balas*, 402 Pa. 116, 166 A.2d 640 (1961); *Burd v. Pennsylvania R.R. Co.*, 401 Pa. 284, 164 A.2d 324 (1960). Particularly where the motion for a new trial is predicated on an allegedly inadequate verdict, appellate courts will reverse the lower court's decision only for clear abuse of discretion because this issue is viewed as being peculiarly within the competence of the trial court. *Wilson v. Nelson*, 437 Pa. 254, 258 A.2d 657 (1969). As the court has said,

> "[T]o support the granting of a new trial for inadequacy, 'the injustice of the verdict should stand forth like a beacon. If the verdict bears a reasonable resemblance to the proven damages, it is not the function of the court to substitute its judgment for the jury's.'" [Citation omitted.] *Rutter v. Morris*, 212 Pa.Super. 466, 469, 243 A.2d 140, 142 (1968).

In the instant case, the lower court explained its refusal of appellant's motion for a new trial by saying that the verdict may have been a compromise since there was some question of contributory negligence on appellant's part. Contrary to the opinion of the lower court, there was no serious dispute concerning appellant's alleged contributory negligence. The only evidence on this point advanced by appellee at trial was the single statement by Brest, in which he said that Palmer never protested the manner in which he, Brest, was operating the vehicle. Standing alone, this testimony falls far short of proving contributory negligence on Palmer's part. Though it is true that the failure of a passenger to object to excessive speed may be a basis for the jury to conclude that the passenger was contributorily negligent, *Reeves v. Winslow,* 394 Pa. 291, 147 A.2d 357 (1959); *Guiducci v. Mason,* 326 Pa. 490, 192 A. 632 (1937); *Kropko v. Galida,* 155 Pa.Super. 446, 38 A.2d 491 (1944), the operation of this presumption depends very much on the circumstances.

In the instant case, there was no evidence which would show that Palmer knew how fast Brest was driving or that he knew that Brest was traveling at a speed in excess of the posted limits. At the time of the accident, Palmer was only sixteen years old, and his trial testimony did not reveal whether he was a licensed driver or experienced in the operation of a car. Furthermore, Palmer had amnesia * concerning the circumstances of the accident and so could not tell the court whether he had an opportunity to see the speedometer prior to the accident. Finally, the evidence did not indicate that Brest had done other reckless acts, such as running stop signs, which might have warned Palmer that Brest was not using due care, nor is there any evidence to indicate the length of time which Brest spent traveling above the speed limit. In sum, even if appellee's testimony is accepted as true, Palmer's failure to protest the speed at

---

* Palmer's amnesia was a result of the head injuries he sustained. It has been said, when an individual has amnesia concerning the circumstances surrounding an accident, he is afforded the presumption of due care. *Kmetz v. Lochiatto,* 421 Pa. 363, 219 A.2d 588 (1966).

which Brest was driving is not a sufficient reason to infer that Palmer was contributorily negligent. Absent proof of contributory negligence, the jury had no justification for compromising their verdict, if, indeed, they did intend a compromise.

■ Appellant's second argument is that a new trial, if granted by this court, should be limited to the issue of damages. Again, we agree with appellant. The evidence of appellee's negligence is clear. Brest testified that he was attempting to apply the brake when his foot slipped onto the gas pedal and his car suddenly surged forward and crossed the highway. Similarly, there is no question that Brest's negligence was the proximate cause of Palmer's injuries. Finally, as we indicated above, there was no competent evidence to prove Palmer was contributorily negligent. Hence, there being no legal basis for questions of liability to affect the issue of damages, we see no reason to require the re-litigation of the issue of Brest's negligence. As the court has already said:

> "The granting of a new trial limited to the issue of damages was not permitted under the common law. . . . However, in the interest of justice and in order to expedite the final disposition of litigation, Pennsylvania and most other jurisdictions have wisely adopted a rule permitting such limited new trials under specific circumstances." *Troncatti v. Smereczniak,* 428 Pa. 7, 9, 235 A.2d 345, 346 (1967).

Citing *Berkeihiser v. DiBartolomeo,* 413 Pa. 158, 162, 196 A.2d 314 (1964), the *Troncatti* opinion went on to explain that the issue of negligence need not be sent back to the jury where the question of liability has been fairly determined and is not questioned on appeal. *Troncatti v. Smereczniak,* supra, 428 Pa. at 9, 235 A.2d 345. This test has been reaffirmed in *Gagliano v. Ditzler,* 437 Pa. 230, 263 A.2d 319 (1970) and *Bacsick v. Barnes,* 234 Pa.Super. 616, 341 A.2d 157 (1975). In the instant case Brest's negligence has not been questioned, so we direct that the new trial be limited to the issue of damages.

Judgment reversed and a new trial ordered, limited to the issue of damages.

PRICE, J., dissents.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.