393 A.2d 1005

**Anthony YANNUZZI and Catherine Yannuzzi in their own right and as parents and natural guardians of Thomas Yannuzzi, a minor, Appellants,**

v.

**Lillian M. MITCHELL, Appellee,**

**and**

**Anthony R. Yannuzzi, Additional Defendant.**

Superior Court of Pennsylvania.

Argued June 15, 1977.

Decided Nov. 3, 1978.

48

Joseph R. McFadden, Jr., Media, with him Francis A. Ferrara, Media, for appellants.

Thomas W. Murphy, Philadelphia, for appellee, Lillian M. Mitchell.

No appearance entered nor brief submitted for appellee, Anthony R. Yannuzzi.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This action comes before our court as an appeal from an order of the lower court denying appellants' motion for a new trial. The motion was based upon alleged errors by the trial judge in charging the jury in a trespass action. We hold the lower court's order to be error and remand for a new trial. The following facts were adduced at trial.

On January 4, 1970, appellant, Anthony Yannuzzi, was operating a motor vehicle in a westerly direction on a road in Delaware County. With him in the vehicle were the other appellants, Catherine, his wife, and Thomas, their minor son. At the same time, appellee, Lillian M. Mitchell, was operating her motor vehicle in an easterly direction on the same road in Delaware County. At the time of the incident, both berms of the road were partially covered with snow causing a narrowing of the travelable portion and restricting passage to the middle of the road. As the two vehicles met, the left front portion of appellants' vehicle struck the corresponding portion of appellee's vehicle. Appellants allege that they were in their lane of travel at all times and that appellee crossed over into their lane, while appellee makes a similar claim against appellants. Both vehicles came to rest with their left wheels on the center of the road.

Appellants brought suit against appellee for their personal injuries and property damage arising from the collision. Appellee joined appellant Anthony Yannuzzi as an additional defendant, alleging that he had acted in a negligent manner and had been solely responsible for causing the accident. On February 19, 1974, a trial was commenced in the Court of Common Pleas of Delaware County. The trial lasted four days, and on February 22, 1974, the jury returned a verdict on behalf of appellee against appellants and on behalf of Anthony Yannuzzi in his capacity as additional

defendant. From the denial of appellants' motion for a new trial based upon allegations of error, appellants have brought this appeal.[1]

In effecting this appeal, appellants' primary contention is that the trial judge's instruction to the jury was fatally flawed in numerous respects. In ruling upon these contentions we will review each alleged error in the charge as it relates to the pertinent principles of law.[2]

Appellants' points one and seven for error are that the trial judge instructed the jury that they may deny recovery to Mrs. Yannuzzi based upon a theory of contributory negligence. Appellants allege that the giving of this charge was in error since there was no evidence in the record to support a charge to the jury based upon the alleged contributory negligence of Mrs. Yannuzzi.

During the trial, appellee proceeded under a theory that Mrs. Yannuzzi had been guilty of contributory negligence in that she failed to warn her husband of the impending collision. The trial judge instructed the jury that if Mrs. Yannuzzi observed the Mitchell vehicle in their lane of travel, she then had a duty to warn, and that contributory negligence could be found if she had a reasonable length of time to warn, and her failure to warn contributed to the

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, No. 223, art. III, § 302 (17 P.S. § 211.302) (Supp.1978).

2. In addition to the points discussed *infra*, appellants contend that the lower court committed the following additional errors:

(1) the court erred in its instruction to the jury when it referred to the testimony as establishing the fact that Anthony Yannuzzi had been "driving too fast;"

(2) the court erred in permitting appellee's counsel to question Catherine Yannuzzi and the investigating police officer regarding the presence and/or use of seat belts in the Yannuzzi vehicle;

(3) the verdict against Catherine Yannuzzi was against the weight of the evidence;

(4) the totality of errors committed by the court was so prejudicial as to require the grant of a new trial.

In light of our reversal based upon the errors discussed in the body of our opinion, we need not determine the merits of these additional contentions.

accident. (N.T. 526–27). Subsequently, the court instructed:

"Now, the evidence which the defendant maintains constitutes contributory negligence on the part of the wife plaintiff, that is Mrs. Yannuzzi, was, as I have already mentioned to you, if you find from the evidence that there was a duty to warn the driver, if you find, further, that there was time, in other words you must look at the circumstances and see if she had the time to act, you will judge this from your own recollections of the facts and the testimony here, and then if you find that she did not fulfill that duty, remember you have to have already found the duty, and that if you find that she had sufficient control to do something, in other words the law does not require a person to do a useless act, either, and if you find that her failure to warn was a proximate cause of the loss or the damage, then you could find, if you find all of that by a fair preponderance of the credible testimony, as we have defined that term for you, then you could find her guilty of contributory negligence." (N.T. 532–33).

Although this instruction was a partial pronouncement regarding the applicable legal principles, it did not encompass all essential elements. While a passenger may be held contributorily negligent for her failure to warn a driver of impending danger, *see, e. g. Smalich v. Westfall,* 440 Pa. 409, 418, 269 A.2d 476, 482 (1970); *Reeves v. Winslow,* 394 Pa. 291, 147 A.2d 357 (1959), the duty to warn does not arise when the driver is fully cognizant of the impending danger. *See, Cole v. Lloyd,* 392 Pa. 33, 37, 139 A.2d 641, 643 (1958). In *Azinger v. Pennsylvania R. R. Co.,* 262 Pa. 242, 105 A. 87 (1918), the supreme court was confronted with a situation in which a husband and wife were injured when the vehicle in which he was riding as the driver and she as the passenger was struck by a train. In reversing a nonsuit entered against both plaintiffs, the court addressed the issue of the wife's duty to warn. "While it is true when she discovered the existence of the crossing she gave no warning, yet her husband had apparently discovered it at the same time, or

previous, and an interference on her part would not only have been useless, but might have tended to increase the danger." *Id.*, 262 Pa. at 251, 105 A. at 89. *See also, Cole v. Lloyd, supra.*

In this case, Mrs. Yannuzzi testified on cross-examination as follows:

"Q. Now, when he [Mr. Yannuzzi] negotiated this turn, 35 feet from the point of impact, did he slow his vehicle down?

A. Yes, he did.

Q. And how did you know that: Could you feel the sensation of the car?

A. Well, I could feel the car stop. Well, for one thing I seen the other car coming, and I looked at him, and I seen how he was turning the wheel, to get to the right side of the road.

Q. So he was turning to the right side of the road?

A. He was going up the hill, the right—he was veering off to the right, to the bank of the road.

Q. I see. Now prior to that, had he been turning the wheel?

A. Well, when I first noticed that the other car wasn't going over to the left side of the road, then he started turning off, as soon as we seen that she [Lillian Mitchell] was having trouble getting on the other side of the road." (N.T. 298).

Thus, the import of Mrs. Yannuzzi's testimony was that she failed to warn her husband of the impending danger because she perceived that he had already observed the situation and was in the process of taking evasive action. While the jury is invested with the ultimate responsibility to pass upon the contributory negligence, or lack thereof, of Mrs. Yannuzzi, *e. g. Heffernan v. Rosser,* 419 Pa. 550, 215 A.2d 655 (1966), its determination must be based upon a proper instruction regarding her duty to warn. While we disagree with appellant and hold that sufficient evidence existed to raise a cognizable jury issue regarding the contributory negligence of Mrs. Yannuzzi, we disagree with the

instruction as given. Because the instruction imposed upon Mrs. Yannuzzi an absolute duty to warn her husband, irrespective of his own perception of the impending danger, we hold the trial court's charge to be in error.

Appellants' second point for error is that the trial judge improperly charged the jury regarding the assumption of risk of Mrs. Yannuzzi. Specifically, the court instructed:

"In considering the question of contributory negligence, a different rule applies to a person who occupies an automobile as a guest. In such case, if he, that person who occupies the automobile, has no opportunity to control the operation, he is not held to be contributorially negligent merely from the fact that he, or as in this case she, is an occupant of the automobile. But she is not without responsibility in the matter, and must be held accountable if she *assumes the risk* of a known danger, and fails to warn the driver of its existence." (N.T. 540–41) (emphasis added).

■ Although couched partially in terms of contributory negligence, the quoted charge instructs the jury that Mrs. Yannuzzi may also be found guilty of assumption of risk if she failed to warn her husband of the impending danger. This instruction is clearly incorrect. Although failure to warn by a passenger may constitute contributory negligence, *e. g. Smilach v. Westfall, supra; Reeves v. Winslow, supra,* we have failed to discover any cases in which a similar failure to warn has been held to be an assumption of risk. Thus, the use of that term in the context of Mrs. Yannuzzi's action was erroneous.

In his written opinion accompanying the verdict, the trial judge explained his charge on assumption of risk by stating, "Testimony presented indicated that snow had fallen within days of the accident date, leaving the road ice covered and slippery in spots. The plaintiff-passenger agreeing to ride in a motor vehicle under such conditions fairly raises a question of assumption of risk to the Jury."

Without deciding whether this is a correct statement of the law, we have reviewed the charge to the jury and find it

totally devoid of any discussion of assumption of risk as it relates to the action of Mrs. Yannuzzi in venturing upon the snow covered highway with her husband and minor child. The only reference to assumption of risk was in the context of her failing to warn her husband of the impending danger. This action, while perhaps amounting to contributory negligence, does not constitute assumption of risk. Thus, the explanation of the trial judge in instructing the jury regarding the assumption of risk defense is without merit when viewed in the actual context of the charge to the jury.

Appellants' points three and seven for error are that the trial judge improperly instructed the jury regarding the definition of contributory negligence as it relates to the proximate cause of the accident. The exact relationship between the quantum of contributory negligence and its causal link to the incident is a matter that was previously subject to differing views in Pennsylvania.

In 1957 the supreme court addressed the issue in the case of *Crane v. Neal*, 389 Pa. 329, 132 A.2d 675 (1957). In *Crane*, the court reviewed the Pennsylvania precedents and stated, " 'There is not the slightest doubt [under the law of Pennsylvania] that a plaintiff is guilty of contributory negligence and cannot recover if his negligence contributed in any degree, however, slight, to the injury . . . .' " *Id.*, 389 Pa. at 332–33, 132 A.2d at 677 (footnote omitted). Thus, the court ruled that the negligence must bear a causal relationship to the occurrence, and this causal link may be ever so slight.

In *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972), the supreme court reviewed its holding in *Crane* and held with respect to the "slightest degree" test of causation,

"No statement could be more erroneous. The doctrine of 'slightest degree' is not, nor has it ever been, the correct statement of Pennsylvania law as to the necessary causal relationship between plaintiff's negligence and the resultant injury. [citations omitted]. The rules which determine the causal relation between the plaintiff's negligence

and the injury are the same as those determining the causal relation between defendant's negligent conduct and the injury sustained by others. There is no reason in law or in logic which would dictate a distinction between these two situations. [footnote omitted]. In both instances it was necessary to find that the negligence was the proximate cause of the accident. That is, if the defendant's negligence was not the proximate cause of the injury then he cannot be held accountable, and likewise if plaintiff's negligence was not a proximate cause it will not bar his recovery.

.   .   .   Those cases following the *Crane* 'slightest degree' test failed to distinguish slight negligence from slight contribution. The 'slightest degree' test properly applies to the degree of negligence  .   .  .. To eliminate any further confusion in this area we specifically overrule *Crane v. Neal* [footnote omitted]. The correct statement of the law is that a plaintiff cannot recover if his own negligence, however slight, contributes to the happening of the accident in a proximate way." *Id.*, 447 Pa. at 494–95, 291 A.2d at 761–62.

In *McCay*, the court ruled that the "slightest degree" test was applicable to the quantum of negligence of the plaintiff while the causation element was to be measured by the same test applicable to the defendant—proximate cause.

Appellant contends that the instruction of the trial judge relating to the alleged contributory negligence of the plaintiffs, Anthony and Catherine Yannuzzi, was in conformity with the old rule of *Crane v. Neal,* and thus contrary to the present state of the law as enunciated in *McCay v. Philadelphia Electric Co.* With this contention, we must agree.

The relevant portion of the charge of the trial judge was as follows:

"If a plaintiff was guilty of negligence, *which contributed to the happening of his own injury or loss, in any degree,* however slight such negligence may have been, he cannot prevail in a suit for damages arising from that accident.

The test, then, is whether the act, or acts alleged, as constituting negligence, *contributed in any degree to the production of the injury.*

Let me repeat that.

The act or acts alleged, as constituting negligence, *contributed in any degree to the production of the injury,* so that negligence, *contributing in any degree to the production of the injury,* and that is where you get contributory negligence, and at this point we are talking about a bar to recovery by the plaintiff.

. . . . .

To recapitulate as to contributory negligence, if you find, from a preponderance of the credible evidence, whether appearing in the defendants' case or in the plaintiffs [*sic*] case, or in both cases, that the plaintiff, any of the two plaintiffs, just the two that I mentioned, were guilty of negligence which contributed to his injury in any degree, as a proximate cause of that injury, then the plaintiffs cannot recover." (N.T. 529–30, 532) (emphasis added).

Viewing this charge against the standards enunciated in *McCay,* we find it to be deficient in conveying to the jury the correct statement of the law. The italicized language in the first, second and fourth paragraphs of the quoted charge is a reiteration of the principle specifically enunciated in *Crane v. Neal,* that the plaintiffs' negligence may satisfy the causal element "in any degree." *See Crane v. Neal,* 389 Pa. at 333, 132 A.2d at 677. It is totally contrary to the rule of *McCay,* whereby the proximate cause formula was to be utilized to test the degree of causation between the plaintiffs' negligence and the ultimate occurrence. Although the concluding paragraph of the quoted charge does employ the term "proximate cause," it follows directly after the jury has been instructed that the causational element may be satisfied "in any degree." The proximate cause formula employed in the last paragraph, although correct, was contrary to the earlier formulations and could not serve to purge the prior erroneous pronouncements of their prejudi-

cial taint. Accordingly, we find the judge's instruction to be fatally flawed in that the causal test employed in the charge on contributory negligence was contrary to the pronouncement of the supreme court in *McCay*.

In light of the above errors, we reverse the order of the trial judge and remand for a new trial.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.