421 A.2d 849

**Dennis McERLEAN, Appellant,**

v.

**Sara McCARTAN.**

Superior Court of Pennsylvania.

Argued Dec. 4, 1979.

Filed Sept. 19, 1980.

532

Myron H. Deutsch, Philadelphia, for appellant.

Michael R. Bradley, Media, submitted a brief on behalf of appellee.

Before SPAETH, CAVANAUGH and O'KICKI, JJ.*

SPAETH, Judge:

This is an appeal from an order denying appellant's post–trial motions and entering judgment on the jury's verdict in favor of appellee in appellant's action in trespass. Appellant argues that the lower court erred, *inter alia*, in instructing the jury on the doctrine of sudden emergency.[1]

On June 30, 1972, at approximately 5:00 p. m., appellant was driving his automobile west on Springfield Road in Delaware County. A heavy rain storm had occurred and the

---

* President Judge JOSEPH F. O'KICKI, of the Court of Common Pleas of Cambria County, Pennsylvania, is sitting by designation.

1. Because of our decision that a new trial is necessary, we need not reach appellant's other arguments in support of his claim that a new trial is necessary.

street was very wet. Appellee was proceeding east on Springfield Road when her automobile went out of control, crossed over into appellant's traffic lane, and struck appellant's automobile. Appellant was seriously injured. Appellee testified that the road surface was sloped down toward the westbound lane, that it was very wet from the storm, and that she had been proceeding at only fifteen miles per hour when her automobile suddenly skidded across the road and struck appellant's automobile. She also testified that she had neither touched her brake nor turned her steering wheel prior to the skid.

Appellant took exception to the trial court's instruction on the sudden emergency doctrine. The instruction was as follows:

It is urged by the defendant here that due to the condition of the highway she was faced at the time of the accident with a sudden emergency not brought about by any conduct of her own. Sudden emergency rule. This rule in its best form says that where one finds himself in a position to danger which was not the result of his own negligence, he will not be held responsible if he makes a mistake of judgment in extricating or attempting to extricate himself from the dangerous situation in which he finds himself. One confronted with the sudden perilous situation not created by fault of his own is not required to exercise the highest or ordinary degree of judgment. One may be legally blameless in spite of an error of judgment when other conditions have placed him in a situation where it would be unreasonable to hold him to the exercise of correct judgment.

R.R. at 263a–64a.

The instruction should not have been given. We have permitted a sudden emergency instruction in automobile accident cases where, for instance, a driver is confronted with an object that suddenly moves into his assured clear distance ahead. However, we have not permitted the instruction in cases involving confrontations with pre–existing static road surface conditions. *Sullivan v. Wolson*, 262 Pa.

Super. 397, 396 A.2d 1230 (1978); *Brown v. Schriver*, 254 Pa.Super. 468, 386 A.2d 45 (1978). In *Brown*, for example, this court sitting en banc was unanimous in holding that the doctrine did not apply where the defendant's automobile skidded on a patch of loose gravel on the highway. In *Sullivan*, a panel of this court cited *Brown* in holding the doctrine inapplicable to an icy highway. It is therefore clear that the doctrine does not apply to the wet road surface in this case.[2]

None of the cases cited by appellee is apposite, for none of them involves a road surface condition. *See, e. g., Hrivnak v. Perrone*, 472 Pa. 348, 372 A.2d 730 (1977) (pedestrian confronted with automobile that suddenly backed up toward him); *Rohay v. Breyak*, 409 Pa. 568, 186 A.2d 913 (1963) (automobile moving toward defendant); *Chadwick v. Popadick*, 399 Pa. 88, 159 A.2d 907 (1960) (allegation that deer entered highway); *Arble v. Murray*, 359 Pa. 12, 58 A.2d 143 (1948) (truck moving toward defendant).

Reversed and remanded for a new trial.

O'KICKI, J., files a concurring and dissenting statement.

O'KICKI, Judge, concurring and dissenting:

I concur with the majority Opinion in this case. However, I do not feel the sudden emergency doctrine should be limited, in automobile cases, to whether the object suddenly *moves* in front of the motorist. The better view was stated in *Carpenter v. Penn Central Transportation Company*, 269 Pa.Super. 9, 409 A.2d 37 (1979).

"The purpose of the sudden emergency doctrine is to relive a victim from the sometimes stringent reasonable man standard when he is confronted with an occurrence that permits no opportunity to apprehend the situation and act accordingly. The doctrine is applied most often in automobile cases in which a *driver is confronted with an occurrence requiring some form of immediate, evasive*

---

**2.** Since we have held that the sudden emergency instruction should not have been given there is no need to discuss the correctness of the standard of care defined in the instruction in this case.

*action.*"  269 Pa.Super. at 17, 409 A.2d at 40.  (Citations omitted), (emphasis added).