433 A.2d 60

**Bernard A. HANLON, Jr., and Martha Hanlon, his wife, Appellants,**

v.

**Norman SORENSON.**

Superior Court of Pennsylvania.

Argued April 14, 1980.

Filed July 31, 1981.

Clifford J. Kirvan, Titusville, for appellants.

John R. Gavin, Oil City, for appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

PRICE, Judge:

Appellants, Bernard and Martha Hanlon, Jr., commenced this action in trespass on March 21, 1977, to recover damages for injuries incurred in a motor vehicle accident. On October 3, 1978 a jury verdict was entered in favor of appellee, Norman Sorenson, the driver of the subject vehicle. Appellants filed a timely motion for a new trial, alleging errors in the trial judge's charge to the jury.[1] Appellants' motion was

---

1. Appellants failed to argue or brief their motion for a new trial. If the court below had found that appellants' failure constituted abandonment of their motion, we would, absent abuse in this determination, consider their claim extinguished. However, we do not deem appellants' claim waived since the trial court addressed the merits of their motion for a new trial. *See generally Straff v. Nationwide Mut. Fire Ins. Co.*, 230 Pa.Super. 403, 326 A.2d 586 (1974).

denied, judgment was entered June 19, 1978 and this appeal ensued.[2] For the following reasons we hold the trial court's order to be error and remand for a new trial.

On April 17, 1975, at approximately 2:00 a. m., appellee was driving westerly on Route 227 in Harmony Township, Forest County. Appellant Bernard Hanlon, Jr. [hereinafter Bernard] was a passenger in appellee's vehicle. The night was clear and road conditions were dry. The parties were traveling in a 45 mile per hour zone and had been on the road for five to six miles.[3] Appellee testified that as the vehicle approached a turn Bernard cautioned him to "[w]atch this turn it's a bad one." (N.T. 137).[4] As appellee was attempting to negotiate the turn, he observed five to six deer advancing towards the road from a private driveway at least fifty to fifty-five feet from the road on which he was traveling. Although appellee applied the brakes, his vehicle skidded on loose gravel accumulated on the road surface. The vehicle went out of control, striking a boulder and injuring Bernard.

■ The grant or denial of a new trial is a determination within the sound discretion of the trial judge. *Macina v. McAdams*, 280 Pa.Super. 115, 421 A.2d 432 (1980); *McGowan v. Devonshire Hall Apts.*, 278 Pa.Super. 229, 420 A.2d 514 (1980). The party appealing the denial of a new trial thus bears a heavy burden. *Mohr v. Plotkin*, 186 Pa.Super. 615, 142 A.2d 414 (1958). The trial judge's decision "will be reversed on appeal only where the record indicates that the

2. On June 29, 1979 new counsel entered his appearance on behalf of appellants. On the same day counsel filed a petition for reconsideration of appellants' motion for a new trial, which was promptly denied.

3. The parties' testimony conflicted concerning the speed of appellee's vehicle. Although appellee admitted uncertainty as to his exact speed, he stated that he had been traveling approximately 45–50 miles per hour. (N.T. 131, 143). Appellant's son, who had been following appellee's vehicle, and Bernard testified that appellee was driving at 65–70 miles per hour. (N.T. 48–49, 90).

4. Bernard testified that he warned appellee that: "[Y]ou'd better . . . slow it down, the next turn is a bad, real bad turn." (N.T. 48).

trial judge committed an error of law or clearly and palpably abused his discretion." *Palmer v. Brest,* 254 Pa.Super. 532, 536, 386 A.2d 77, 79 (1978), *citing Tomasek v. Monogahela Ry. Co.,* 427 Pa. 371, 235 A.2d 359 (1967); *Phelps v. Paul L. Britton, Inc.,* 412 Pa. 55, 192 A.2d 689 (1963).

"Where the accuracy of a charge is in issue, an appellate court must look to the charge in its entirety against the background of evidence in order to determine whether or not error was committed and whether that error was prejudicial to the complaining party." *Slavish v. Ratajczak,* 277 Pa.Super. 272, 274, 419 A.2d 767, 768 (1980). *See also McCay v. Philadelphia Electric Co.,* 447 Pa. 490, 291 A.2d 759 (1972); *Whitner v. Von Hintz,* 437 Pa. 448, 263 A.2d 889 (1970). In the instant case the trial judge charged the jury on the contributory negligence and sudden emergency doctrines. Appellants first contend that it was error to submit the question of contributory negligence to the jury since there was no evidence to support such a finding. Second, appellants argue that the court's charge to the jury erroneously stated the facts upon which a finding of sudden emergency could be predicated. We agree.[5]

The trial court's instruction on contributory negligence was as follows:

Members of the jury, in your consideration of this case, you must also consider the doctrine of contributory negligence. . . .

The defendant contends not only that he was not negligent but that the plaintiff, Bernard Hanlon, Jr., was guilty of negligence which was a legal cause of the accident and the injuries which he sustained.

Contributory negligence is conduct for which the plaintiff is responsible amounting to a breach of duty which the law imposes upon persons to protect themselves from injury. And which is a legal cause of the injury complained of.

---

5. We will address both contentions, since to do so may obviate the need for a future appeal.

Thus, if the plaintiff, Bernard Hanlon, Jr., was guilty of negligence which contributed to the happening of his own injury and was a legal cause of the accident and those injuries, he cannot prevail in this lawsuit.

However, contributory negligence is a defense which the defendant has the burden of proving. The burden is not on the plaintiff to prove his freedom from contributory negligence. A defendant who depends on the ground of contributory negligence must prove that phase of his case by the fair preponderance of the credible evidence. When we speak of being the legal cause of the accident and the injuries, we mean that it must have been a substantial factor in bringing about or causing that accident and the injuries.

Now, I'm going to discuss with you the duty that a passenger in a vehicle has. Here the defendant alleges that the plaintiff was guilty of contributory negligence in the manner in which he conducted himself at and prior to the happening of the accident. We have already instructed you regarding the general principles of negligence, but it is necessary that you understand the law respecting the duties of a guest passenger in an automobile driven by someone else.

As a general principle of law a guest passenger is not chargeable with the negligence of the driver. In other words, you don't say, well the driver was negligent so therefore the plaintiff was negligent. This is not done. Thus, if you conclude that the driver in this case was negligent, that negligence would not be transferred to the plaintiff who was riding as a passenger in his car. If any contributory negligence is to be found, it must be discovered in the conduct of the plaintiff himself, although, of course, the driver's actions must necessarily be considered in making that determination.

A guest in an automobile is not bound to act in normal circumstances to control or attempt to control the operation of the vehicle in which he is riding. However, if there is a peril which he knows about, or which is so

obvious to him that he would be presumed to know about, he would be guilty of negligence if he did not attempt to prevent injury to himself.

The plaintiff as a guest passenger was not bound under our laws to keep his eyes glued to the road ahead; *his only duty was to make a protest if he was aware of a danger.*

In this case it is for you, the members of the jury, to say whether or not the plaintiff, Bernard Hanlon, Jr., was guilty of negligence under the circumstances as you find them to have existed. Should the plaintiff have appreciated the impending peril which caused the accident, and if he did, *should he have taken more action than he did? Should he have acted sooner?* These are matters for your determination under the facts as you find them to have existed.

(N.T. 187–190) (emphasis added).

Members of the jury, you will recall our instructions concerning the duties of a guest passenger and in further explanation thereof, we say to you that *if a passenger of a motor vehicle is aware that the operator is driving at an excessive rate of speed and fails to protest or admonish the driver to reduce his speed, or, if after making such protests and upon the failure of the driver to reduce his speed the passenger failed to demand that the driver stop and allow him to get out of the vehicle, he may be contributorily negligent thereby precluding his right to recover damages.*

As I said to you before, you consider all of the circumstances in passing upon any contributory negligence of the plaintiff, the guest passenger.

(N.T. 208) (emphasis added).

The trial judge gave the following explanation of his charge.

In this case, we have conflicting testimony as to the nature of the warning. Plaintiff testified that he warned defendant both of excessive speed and of danger because of a bad curve. However, *defendant testified that plaintiff warned him about the curve, but never about exces-*

*sive speed.* Since plaintiff admitted that he knew defendant was going 20–25 miles per hour over the speed limit, *the jury could properly find from this that plaintiff had an awareness of excessive speed yet never took any action.* It, thus, became a matter of credibility for the jury to consider upon proper instructions.

Slip op. at 4–5 (emphasis added).

 A defendant must assume the burden of establishing a plaintiff's contributory negligence. *McCullough v. Monroeville Home Ass'n,* 270 Pa.Super. 428, 411 A.2d 794 (1979). A plaintiff is contributorily negligent if his own negligence, however slight, was a proximate cause of the accident. *McCay v. Philadelphia Electric Co.,* 447 Pa. 490, 291 A.2d 759 (1972); *Yannuzzi v. Mitchell,* 260 Pa.Super. 47, 393 A.2d 1005 (1978); *Cromley v. Gardner,* 253 Pa.Super. 467, 385 A.2d 433 (1978). If either party offers any evidence " 'which alone would justify an inference of [contributory negligence], it must go to the jury, no matter how strong or persuasive may be the countervailing proof. . . .' " *Heffernan v. Rosser,* 419 Pa. 550, 554–55, 215 A.2d 655, 657 (1966), *quoting Howard Express Co. v. Wile,* 64 Pa. 201 (1870). Conversely, it is axiomatic that a trial judge must not charge the jury on contributory negligence in the absence of any evidence to support such a finding. *Heffernan v. Rosser,* 419 Pa. 550, 215 A.2d 655; *Thomas v. Tomay,* 413 Pa. 270, 196 A.2d 740 (1964); *Parise v. Fehnel,* 267 Pa.Super. 79, 406 A.2d 345 (1979); *Smith v. Port Authority Transit,* 257 Pa.Super. 66, 390 A.2d 249 (1978).[6]

6. In *DeJohn v. Orell,* 429 Pa. 359, 240 A.2d 472 (1968), Justice Musmanno articulated the reason for this prohibition:

> To charge a jury that if they find the plaintiff carried a blazing torch he may not recover because of contributory negligence when there was no suggestion in the case that he even carried a safety match would be clearly reversible error. When a judge beats a tattoo on a given subject the jury may begin to believe they hear invisible and nonexistent drums. It is not only easy but almost psychologically compelling for a jury to assume that since the judge talks about a given situation that it must have living reality.

*Id.,* 429 Pa. at 362, 240 A.2d at 474.

■ Our review of the record has revealed no evidence from which contributory negligence can be inferred on the part of Bernard. In fact, appellee admitted that as his vehicle approached the curve Bernard warned him to "[w]atch this turn it's a bad one." (N.T. 137). This warning implicitly placed appellee on notice to reduce his speed if it was excessive. The accident occurred only seconds following Bernard's protest, thus allowing no opportunity for further warning. Therefore, since there was no act or omission that could make Bernard guilty of contributory negligence, the trial court erred in submitting the issue to the jury.

■ Appellant also contends that the evidence did not warrant the trial court's charge on the sudden emergency doctrine.[7] The trial judge instructed as follows:

Therefore, in considering the negligence, that is, whether or not Mr. Sorenson was negligent, we say to you that if the operator of a motor vehicle was faced, at the time of the accident, with a sudden emergency, not created by his own negligence, he will not be held responsible if he makes a mistake in judgment in extricating himself from the dangerous situation in which he finds himself. Now, in this case the defendant contends that he was faced with the sudden emergency of deer in the near vicinity *and the gravel on the highway.*

In other words, one confronted by a sudden perilous situation, not created by some fault of his own, is not required to exercise the highest or even the ordinary degree of judgment. One may be legally blameless in spite of an error of judgment, of course, where another or somebody else has placed him in a situation where it would be unreasonable to hold him to the exercise of cool and correct judgment.

Thus, if Mr. Sorenson, without fault on his part, was confronted with the sudden peril and danger of a collision

7. "[T]he 'sudden emergency' doctrine ... applies to moving instrumentalities suddenly and unexpectedly thrust into a driver's path of travel," while the assured clear distance ahead rule applies to essentially static conditions. *Brown v. Schriver,* 254 Pa.Super. 468, 475–76, 386 A.2d 45, 49 (1978) (footnotes omitted).

*by reason of the deer or gravel,* these are things for your determination, and he was not required by law to choose what might have been a safer choice or to exercise the best judgment when acting to avoid that peril.

Now, in order to claim the benefit of this rule, it must appear that he was not driving in a reckless or careless manner, but with due regard to the conditions of the highway.

In other words, one who is driving carelessly cannot say that he was placed in sudden peril.

It is for you, the jury, to determine whether he acted as a reasonably prudent person under the circumstances. Anyone who claims the benefit of this doctrine must establish the alleged emergency by a preponderance of the evidence.

(N.T. 186–87) (emphasis added). We agree that this instruction should not have been given.

The portion of the instruction referring to the gravel on the road surface erroneously states the grounds upon which a finding of sudden emergency can be made. In *Brown v. Schriver,* 254 Pa.Super. 468, 386 A.2d 45 (1978), appellee lost control of his vehicle when it skidded on gravel and cinders accumulated on a bend in a road. We held that the assured clear distance ahead instead of the sudden emergency instruction should have been given, because the gravel "constituted a stationary object rather than a moving instrumentality suddenly and unexpectedly trust into appellee's path of travel." *Id.,* 254 Pa.Super. at 476, 386 A.2d at 49.[8] It is therefore evident that the trial judge's charge that the gravel could have caused a sudden emergency was error.

In the instant case the deer did not create a sudden emergency. Appellee conceded that the deer were at least fifty to fifty-five feet from the road on which he was traveling and, although several of them may have been

8. *Accord McErlean v. McCartan,* 280 Pa.Super. 531, 421 A.2d 849 (1980) (sudden emergency doctrine inapplicable to wet road surface); *Sullivan v. Wolson,* 262 Pa.Super. 397, 396 A.2d 1230 (1978) (doctrine inapplicable to an icy highway).

278

approaching the road, they were not in his path of travel. We thus cannot permit the charge since the deer had not moved into the range of appellee's previously assured clear distance ahead.

The order and judgment of the court of common pleas is reversed and remanded for a new trial.

MONTGOMERY, J., files a dissenting statement.

MONTGOMERY, Judge, dissenting:

I respectfully dissent and would affirm on the opinion of the lower court.