485 A.2d 1199

**James Peter MICKEY and Helen Mickey, Appellants,**

**v.**

**Elwood AYERS and Irene E. Ayers.**

Superior Court of Pennsylvania.

Argued April 26, 1984.

Filed Dec. 14, 1984.

Richard E. Santee, Jr., Bethlehem, for appellants.

Thomas R. Elliott, Jr., Easton, for appellees.

Before McEWEN, BECK and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the trial court committed reversible error in charging the jury on the "assured clear distance ahead" rule, 75 Pa.C.S.A. § 3361. Because we find appellants' contention meritless, we affirm the lower court's denial of appellants' motion for new trial.

This case involves conflicting versions of a two-car, head-on collision that occurred on June 28, 1980, on Route 611, a winding road in Forks Township, Northampton County. Appellants, Mr. and Mrs. Mickey, allege that appellee, Mr. Ayers, driving north on the two-lane highway, went off the road to his right, struck a guardrail, and then ricocheted into the southbound lane, the lane in which appellants were traveling. Because of the emergency created by the sudden appearance of appellee's automobile, appellants swerved into the northbound lane to avoid appellee, but there crashed head-on into appellee who had moved back into his proper lane of travel. Appellees, Mr. and Mrs. Ayers,* allege that appellants crossed over into their lane, that appellee tried to maneuver his car as far to the right as possible so as to avoid the oncoming car, and that the cars thereupon collided head-on.

On February 4, 1981, appellants filed a complaint in trespass against appellees seeking damages for personal injuries sustained in the crash. Counsel for both sides agreed to bifurcate the trial, with only the issue of liability to be heard by the jury. After a June 21–22 trial, the jury returned a verdict in favor of appellees, finding that appellee had not been negligent. Thereafter, appellants timely filed a motion for new trial which was denied by the court on October 19, 1982. This appeal followed.

To constitute reversible error, a jury instruction must be shown not only to have been erroneous but also

---

* Mrs. Ayers was not with her husband at the time of the incident, but she was named as a defendant in the complaint because she and her husband were the owners of the car driven by Mr. Ayers.

harmful to the party complaining. *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965); *see also Junk v. East End Fire Department*, 262 Pa.Superior Ct. 473, 485, 396 A.2d 1269, 1275 (1978) (harmless errors in instructing the jury will not warrant the granting of a new trial). In determining whether error has been committed, the charge must be read in its entirety. *James v. Ferguson*, 401 Pa. 92, 97, 162 A.2d 690, 693 (1960); *Harman et ux. v. Chambers*, 358 Pa. 516, 519, 57 A.2d 842, 844 (1948); *Murphy v. Dyer*, 223 Pa. 18, 22, 72 A. 276, 277 (1909). Here, the pertinent parts of the charge are as follows:

[I]f you find that *a party* in this case violated any one or more of the provisions in the Vehicle Code, then you must find that party negligent as a matter of law. It is negligent to violate provisions of the Motor Vehicle Code.

Now, there are a number of provisions of the Vehicle Code which apply in this case. The first one is called the "Assured Clear Distance Rule," and it provides as follows:

"No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions." [75 Pa.C.S.A. § 3361].

Now, another provision of the Vehicle Code which applies is that:

"Upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway.[...]" [*Id.* § 3301]. That means you keep to the right; you do not drive on the left side of the road.

A limiting factor to the Assured Clear Distance Rule has always been what is called the "Sudden and Clear Emergency Doctrine," because a driver who is confronted with a sudden and clear emergency is not held to the same standard of conduct as one not in such circumstances. If, because of want of time to form the best judgment as to which of various alternative courses of action to take, he fails to act in the most judicious manner, he will not be held negligent provided that he has acted reasonably under all the circumstances. It does not matter that he may or would have acted differently had he time to deliberate; an honest exercise of judgment is all that is required.

\* \* \* \* \* \*

So, in summary, where a sudden, clear emergency arises within the range of the previously assured clear distance, the Assured Clear Distance Rule does not apply.

Now, ladies and gentlemen, *if you do find under the rules that I have given to you that either the plaintiff or the defendant or both of them, you find that either or both of them was negligent,* then you must go on to determine whether or not that negligence was a substantial factor in bringing about the accident.....

\* \* \* \* \* \*

Now, let me say this. I am going to outline the theories of the parties, as I understand them....

Now, as I understand the theories in this case, the plaintiff is saying to you that they were driving up the road; that they were within the speed limit; and that they were confronted with a sudden, clear emergency that they had not caused, and all of a sudden this car was heading for them. And to avoid the car, they swerved over into the other lane and came into contact with the car that was heading for them. The defendant's car did the same thing. And they are saying, yes, it may be a violation of the Vehicle Code for us to be on the other side of the road; we are supposed to be on the right-hand side of the road. But we are excused, because there was

a sudden, clear emergency, and we are not held to the same standard. We are held to the standard in the Sudden, Clear Emergency Rule, and we are not held to the same standard of conduct as one who is not in such circumstances and that the accident was caused by the negligence of the defendant in driving over there and forcing us to do that; that that is the cause; that they were negligent; and that was a substantial factor; that that was the factor that caused this accident.

Now, as I understand it, the defendant is saying to you, look, that is not the way it was at all. I did not go over on the wrong side of the road. I was on my side of the road, and this car came over and hit me. It came on the wrong side of the road, and they were driving on the wrong side of the road, and they were violating the Vehicle Code, and they were negligent, and that is what was the substantial factor; it is what caused the accident.

\*    \*    \*    \*    \*    \*

If you find any evidence that *any of the parties* were exceeding the lawful speed limit then and there, and I believe the testimony was there was [sic] a 45 mile an hour limit posted for that area, I would bring to your attention that exceeding the lawful posted speed limit is a violation of the Motor Vehicle Code and that that would be negligence.... Section 3362 of the Vehicle Code requires ... that vehicles comply with any maximum speed limit established by the proper authorities.

(N.T., Court's Charge to the Jury, June 22, 1982 at 13–15, 17–19, 28) (emphasis added). We think it is apparent from reading the above charge, especially the emphasized portions, that the lower court left it to the jury to decide which provisions of the Code, if any, either of the parties had violated.

Appellants contend, however, that (1) a court may not charge a jury as to the assured clear distance ahead rule when a sudden emergency arises, and (2) in any event, under the facts of this case, the rule does not apply. "[T]he rule requires that such control be maintained as will enable

a driver to stop and *avoid obstructions that fall within his vision.*" *Unangst v. Whitehouse,* 235 Pa.Superior Ct. 458, 463, 344 A.2d 695, 698 (emphasis added). "[I]t is entirely reasonable to say that one should not run into a stationary object on the road which is, and has been, in plain view for everyone to see...." *Flick v. James Monfredo, Inc.,* 356 F.Supp. 1143, 1148 (E.D.Pa.1973).

██ This Court has held that when a sudden emergency arises, a court may not charge the jury as to the assured clear distance ahead rule. *Brown v. Schriver,* 254 Pa.Superior Ct. 468, 475, 386 A.2d 45, 48 (1978), *citing Unangst v. Whitehouse, supra,* 235 Pa.Superior Ct. at 465, 344 A.2d at 699 (1975). However, "[w]here the facts do not conclusively establish the existence of a sudden emergency, it is proper to charge the jury on both the assured clear distance rule and the sudden emergency doctrine in order that the jury has the applicable law to apply the facts as they find them." *Potenburg v. Varner,* 284 Pa.Superior Ct. 19, 22, 424 A.2d 1370, 1372 (1981); *Stacy v. Thrower Trucking, Inc.,* 253 Pa.Superior Ct. 150, 156–60, 384 A.2d 1274, 1277–79 (1978). Here, however, there is no allegation that appellants violated the rule; instead, appellees argue simply that appellants were on the wrong side of the road. Thus, whether or not appellants were confronted with a sudden emergency, the assured clear distance ahead rule could not apply to them because there was no evidence that they collided with any fixed obstacle.

██ Therefore, in order for the court's charge to be correct, the rule must be applicable to *appellee's* conduct. Appellants correctly assert that the rule applies to static or essentially static objects but is inapplicable if it is found that the vehicles involved were moving in opposite directions toward one another. *Adams v. Mackleer,* 239 Pa.Superior Ct. 244, 250, 361 A.2d 439, 442 (1976); *Turner v. Smith,* 237 Pa.Superior Ct. 161, 165–69, 346 A.2d 806, 808–09 (1975). Under either party's version of the accident, the instant case involved a head-on collision, and thus the rule would be inapplicable in that respect. We agree,

however, with the lower court that the rule could still quite properly apply to appellee's alleged striking of the guardrail. *See* Lower Court Opinion at 6. As appellant testified:

I don't know the particular area out there, but around— by 3 p.m. I was approaching a curve, and I saw [appellee] coming around another curve. And as I saw him come around the curve, he went to the right and hit a guardrail. And he bounced off the guardrail into my lane, which would be the southbound lane. And as he did that, I just applied my brakes and tried to avoid him.

(N.T. June 22, 1982 at 7). *See also Brown v. Schriver, supra,* 254 Pa.Superior Ct. at 476, 386 A.2d at 49 ("court should have instructed the jury to consider whether appellee, paying due regard to the traffic surface, should have and could have seen the alleged loose gravel before slipping upon it"). In short, the jury could have found that appellee failed to exercise proper vehicular control "when approaching or going around a curve [and] when traveling upon any narrow or winding roadway." 75 Pa.C.S.A. § 3361. Therefore, we disagree with appellants' contention that the assured clear distance ahead rule does not apply to this case.

■ Additionally, while the trial court could have more precisely limited the applicability of the rule to appellee's conduct, we nonetheless find no prejudice to appellants so as to constitute grounds for reversal. Appellants contend that the trial court committed "clear and reversible" error in charging on the rule, but nowhere in their brief do they aver how they were prejudiced thereby. We also fail to see how the charge prejudiced appellants when the jury specifically found appellee non-negligent and, thus, did not even reach the question of appellants' contributory negligence. Indeed, the charge could even have conceivably helped appellants if the jury believed that appellee had violated the rule by colliding with the guardrail. *Cf. Sweeny v. Bonafiglia,* 403 Pa. 217, 220–21, 169 A.2d 292, 293–94 (1961) (inaccurate portion of the charge hurt non-complaining party). Furthermore, the court's charge expressly removed appellants from the operation of the rule in the event that

the jury believed that a sudden and clear emergency existed: "So, in summary, where a sudden, clear emergency arises within the range of the previously assured clear distance, the Assured Clear Distance Rule does not apply." (N.T., Court's Charge to the Jury, June 22, 1982 at 15). We find no error, therefore, in the court's charging as to the assured clear distance ahead rule. Accordingly, we affirm.

Affirmed.