553 A.2d 443

**Keith G. MILLER, Appellant,**

v.

**WISE BUSINESS FORMS, INC., Appellee,**

v.

**WARNER AND WARNER, INC. (Two Cases)**

Superior Court of Pennsylvania.

Argued Dec. 18, 1987.

Filed Jan. 25, 1989.

Richard G. Spagnolli, Pittsburgh, for appellant.

Dennis S. Mulvihill, Pittsburgh, for Wise, appellee.

Before CIRILLO, President Judge, and CAVANAUGH, BROSKY, ROWLEY, McEWEN *, OLSZEWSKI, MONTEMURO, POPOVICH and JOHNSON, JJ.

ROWLEY, Judge:

These consolidated appeals of appellant Keith G. Miller, successful plaintiff in a personal injury action, raise a single issue: whether, pursuant to Pa.R.C.P. 238, the trial court erred in refusing to award delay damages to appellant where neither appellant nor defendant/appellee Wise Business Forms, Inc. engaged in conduct that delayed the trial of the case. In light of the revision of Rule 238 promulgated by our Supreme Court on November 7, 1988, and made effective immediately, we vacate the judgment entered January 29, 1987, insofar as it does not include an award of delay damages to appellant, and remand the case to the trial court for further proceedings consistent with this opinion.

The facts of the case, briefly summarized, are as follows: Appellant was employed as a laborer by Warner and Warner, Inc., a general contractor. On December 5, 1983,

---

* McEwen, J., did not participate in the consideration of or decision upon this appeal.

appellant's right foot was crushed in an accident on the work site where Warner and Warner was working on a building owned by appellee. Appellant filed the underlying action against appellee on October 19, 1984. Appellee joined Warner and Warner as an additional defendant.[1]

On three occasions appellee made written requests for appellant's settlement demands and received a response that was described by the trial court as "very limited" (Trial Court Opinion at 2). On August 27, 1986, appellant requested damages in the amount of $750,000. On October 20, 1986, the date set for trial, appellee made a written offer of $25,000, which was declined by appellant. The case went to trial before a jury, which returned a verdict in favor of appellant for $195,000. Appellant was found to be one percent contributorily negligent, and the judgment eventually entered in his favor was in the amount of $193,-050.00.

Appellant sought delay damages pursuant to Pa.R.C.P. 238. Following a hearing, the trial court on January 28, 1987, entered an order denying appellant's petition. Appellant filed exceptions to the order, which were denied by the trial court in a second order entered on February 26, 1987. On that day, appellant filed a notice of appeal to this Court from both the January 28, 1987, and the February 26, 1987, *orders*. This appeal has been docketed at No. 319 Pittsburgh 1987. On March 23, 1987, upon praecipe of appellant, judgment was entered on the trial court's order of February 26, 1987, denying appellant's exceptions. Appellant thereupon filed a second appeal to this Court, docketed at No. 418 Pittsburgh 1987, this time appealing only from the order entered on February 26, 1987.

■ Initially we are required to address the somewhat unorthodox procedure by which the present appeal has

1. Pursuant to a pretrial conference order, the trial of appellant's action was bifurcated and the issues of negligence and damages were submitted to the jury only as to appellee, the original defendant. A second, non-jury proceeding determined that Warner and Warner had no duty to indemnify appellee. Warner and Warner has taken no part in this appeal.

come before us. There is no rule of civil procedure which provides for the filing of exceptions to an order denying a petition for delay damages. Consequently, appellant's filing of such exceptions, the trial court's order denying the exceptions and the entry of judgment thereon, and the two appeals from the order denying the exceptions were unnecessary. We note also that on January 28, 1987, the same day that the trial court entered an order denying appellant's petition for delay damages, the court entered a second order denying appellee's post-trial motions and directing the prothonotary to enter judgment in favor of appellant in the amount of $193,050.00. Judgment was so entered the following day.[2] The present appeal, therefore, should properly have been taken from the judgment entered January 29, 1987, not from the order of January 28, 1987, denying the petition for delay damages.

Nevertheless, as there has been a final judgment entered in the case and appellant's first appeal, docketed at No. 319 Pittsburgh 1987, was filed within thirty days of the entry of that judgment, we will treat that portion of the first appeal that is from the January 28, 1987, order as actually being from the January 29, 1987, judgment. The trial court's order of February 26, 1987, cannot be considered final and appealable, however, as it adds nothing to the order of January 28, 1987, or the judgment of January 29, 1987. Therefore, we are without jurisdiction to consider an appeal from that order, and the appeal at No. 418, as well as that portion of the appeal at No. 319 which is taken from the February 26, 1987, order, must, accordingly, be quashed.

We now turn to the merits of appellant's appeal at No. 319 Pittsburgh 1987. Appellant's sole argument on appeal is that the trial court erred in denying his petition for delay damages pursuant to Rule 238. In the opinion which accompanied its January 28, 1987, order, the trial court observed that although the parties agreed that neither had engaged in any delaying activity during the pleading and discovery stages, appellee had not made a settlement offer

2. Appellant notes in his brief that the judgment has been satisfied.

240

until the day set for trial and then offered only $25,000 [3]; the jury verdict, of course, was for $195,000. Therefore, according to the trial court's reading of the Supreme Court's opinion in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), the issue to be decided was whether "mitigating factors exist that would abrogate [appellee's] duty to pay delay damages" (Trial Court Opinion at 1). The court found such mitigating factors in appellant's inability to make a settlement demand of his own until August 27, 1986, and appellee's consequent inability to formulate a reasonable offer until very late in the pretrial process. The trial court concluded that appellant was at fault in this regard and appellee was not, and therefore delay damages should not be awarded.

Appellant argues on appeal that "all *Craig* did and all that it was ever intended to do was to permit the defendant to toll the imposition of prejudgment interest for whatever period of time the factfinder concluded that the conduct of the plaintiff delayed the trial of the case" (Brief for Appellant at 19). The mere fact that appellee caused no procedural delay in the present case, appellant asserts, does not change the fact that appellant was injured by appellee's tortious conduct and deserves just compensation, including an award of prejudgment interest. Therefore, according to appellant, appellee, having failed to insulate itself from liability for delay damages by making a written settlement offer equal to or greater than eighty percent (80%) of the verdict, as provided for in then-effective Rule 238(e), should now be required to make appellant whole through the payment of such damages. Appellee's response is that where, as here, a defendant has been found not to have delayed the progress of the case, delay damages may not be awarded.

3. The trial court also noted that this offer was subsequently increased to either $60,000 or $100,000. Our examination of the record indicates that any subsequent offers were made orally. An oral offer, even if otherwise sufficient, did not toll the running of delay damages under then-effective Rule 238(e) and does not do so under subsection (b)(1) of the revised Rule 238.

To resolve the issue raised by appellant, we turn to the revision of Rule 238 that was promulgated by our Supreme Court on November 7, 1988, and made effective immediately. The Explanatory Comment to the rule observes that "[t]his amendment revises Rule 238 in light of the *Craig* decision." Subsection (f) of the rule provides that it "shall apply to actions pending on or after the effective date of this rule in which damages for delay have not been determined." In the case before us, whether appellant is entitled to delay damages has not yet been finally determined. Therefore, we are required to resolve the issue in accordance with the mandate of revised Rule 238. *Ceresini v. Valley View Trailer Park, Ephrata, Inc.,* 380 Pa.Super. 416, 418, 552 A.2d 258, 259 (1988) (en banc).

Subsection (b) of the revised rule explicitly provides that the period of time for which delay damages shall be calculated shall exclude (1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial. As noted in the Explanatory Comment, these provisions are the two bases upon which a defendant may oppose a plaintiff's motion for delay damages. The Comment also notes that only those procedural delays which actually cause delay of the trial are relevant to the issue of delay damages.

Plainly, the drafters of the revised Rule 238, by specifying two sets of circumstances under which periods of time shall be excluded from the calculation of delay damages, have indicated that no other exclusions are warranted. They have not allowed for the exclusion of periods of delay not caused by either party. Accordingly, we conclude that where the defendant has not made an adequate settlement offer pursuant to Rule 238(b)(1) and the plaintiff has not caused delay of the trial as noted in Rule 238(b)(2), the defendant is liable for delay damages.

In the case at bar, it is clear that appellee did not make an adequate settlement offer, and the trial court acknowledged the parties' agreement "that neither party engaged in any activity during the pleading and discovery stages to delay this case" (Trial Court Opinion at 2). The court concluded, nevertheless, that

> [a] reading of the *Craig* case shows that the Supreme Court intended that delay damages should not be given if the defendant was not at fault for the delay.... [Appellant] was at fault for not making an offer until it was too late to provide [appellee] a reasonable amount of time to formulate its own offer. [Appellant] was clearly at fault and [appellee] was not.... Therefore, delay damages should not be awarded in this case.

Trial Court Opinion at 3. While the court's interpretation of *Craig* may have been reasonable at the time the court wrote its opinion, it is no longer reasonable in light of the revision of Rule 238. Pursuant to the revised rule, where, as here, the defendant has not made the requisite settlement offer and the plaintiff has not caused delay of the trial, the defendant is liable for delay damages. Accordingly, we are required to vacate the judgment entered January 29, 1987, insofar as it does not include an award of delay damages, and remand the case to the trial court for calculation of delay damages and entry of judgment thereon.

For the guidance of the trial court, we note two provisions of revised Rule 238 which affect the calculation of delay damages. The first is subsection (a)(2)(i), which provides that in an action commenced before August 1, 1989, delay damages shall be awarded for the period of time "from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision...." This starting date is the same as that specified in the former rule. The second provision is subsection (a)(3), which specifies that delay damages "shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calen-

dar year for which the damages are awarded, plus one percent, not compounded." This provision is a change from the former rule, which directed that delay damages be calculated at a rate of ten percent per annum, not compounded.

Insofar as the judgment entered on January 29, 1987 and appealed from at No. 319 Pittsburgh 1987 does not include an award of delay damages, the judgment is vacated. The case is remanded to the trial court for further proceedings consistent with this opinion. The appeal at No. 418 Pittsburgh 1987 and that portion of the appeal at No. 319 Pittsburgh 1987 which is taken from the order of February 26, 1987, are quashed. Jurisdiction is relinquished.

CIRILLO, President Judge, files a dissenting statement in which JOHNSON, J., joins.

POPOVICH, J., files a dissenting opinion.

CIRILLO, President Judge, dissenting:

I must respectfully dissent from the result reached in the majority opinion. Once again, I note that I disagree with the majority's application of the newly promulgated rule 238 to the proceedings in this case for reasons more explicitly outlined in my dissenting opinion in *Ceresini v. Valley View Trailer Park*, 380 Pa.Super. 420–421, 552 A.2d 258. Although I agree that the supreme court's decision in *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), as elucidated by the newly promulgated rule, requires that the case be remanded for a proper determination of delay damages, I would not remand the case for determination under new rule 238. It seems clear to me that section (f) of the new rule and the comments to its other provisions are inapplicable in this case because the issue of delay damages has been determined by the trial court:

The purpose of [section (f) of new rule 238] is to indicate that the rule applies to pending as well as future actions, but not to pending actions in which the damages for delay

have been determined under the provisions and procedures of the Craig case. Once damages for delay have been determined under Craig, those proceedings are final, and are not to be reopened under this rule.

Even though the delay damages determination was made using an improper standard, the determination was made, and the issue resolved. I would remand the case with instructions to determine the award of delay damages in accordance with the more general strictures of *Craig*, rather than under the inapplicable provisions of rule 238.

POPOVICH, Judge, dissenting:

I dissent consistent with my Dissenting Opinion by Popovich, J. in *Ceresini v. Valley View Trailer Park, Ephrata, Inc.*, 380 Pa.Super. 416, 552 A.2d 258 (1988) (*en banc*).