560 A.2d 222

Chester KUKOWSKI and Sophie Kukowski, h/w

v.

Chester KUKOWSKI and Matt Slap Chevrolet, Inc.

Appeal of MATT SLAP CHEVROLET, INC.

Chester KUKOWSKI and Sophie Kukowski, h/w, Appellants

v.

Chester KUKOWSKI and Matt Slap Chevrolet, Inc.

Superior Court of Pennsylvania.

Argued March 29, 1989.

Filed June 21, 1989.

William F. Sweeney, Philadelphia, for Matt Slap, appellant (at 2178) and appellee (at 3039).

Harris R. Rosen, Philadelphia, for Sophie Kukowski, appellee (at 2178) and appellant (at 3039).

James M. Marsh, Philadelphia, for Chester Kukowski, appellee (at 2178).

Janis Smarro, Philadelphia, for Chester Kukowski, appellee (at 2178) and appellant (at 3039).

Before MONTEMURO, TAMILIA and MONTGOMERY, JJ.

MONTEMURO, Judge:

This is a consolidated appeal. Matt Slap Chevrolet, Inc., appeals from the June 24, 1988, Order of the Court of Common Pleas of Philadelphia County, wherein the court denied Matt Slap's motion for a new trial. Chester and Sophie Kukowski appeal from the October 13, 1988, Order wherein the trial court denied their request for the entry of delay damages against Matt Slap. Following a careful review of the record before us, in light of the applicable law, we are constrained to reverse the latter order.

The facts underlying this matter are essentially undisputed. On November 5, 1981, Chester and Sophie Kukowski had taken a car to Matt Slap Chevrolet for repair work. When the repairs were completed, the couple proceeded to leave the car dealership, with Chester Kukowski driving and Sophie Kukowski in the passenger seat. Chester Kukowski testified that as he was driving towards the exit gate, "the car went out of control. And I looked around. There was some potholes." R.R. at 13a. The Kukowski's car collided with an exit gate. As a result of the accident, Sophie Kukowski was injured and subsequently hospitalized. Chester Kukowski also sustained injuries for which he received medical treatment.

Sophie Kukowski and Chester Kukowski commenced a negligence action against Matt Slap for failure to "provide a safe means of ingress and egress to and from [their] parking lot...." R.R. at 3a. The complaint also set forth a claim by Sophie against Chester for negligent operation of the motor vehicle, as well as a loss of consortium claim by Chester Kukowski against Matt Slap. At the close of trial, a jury rendered a verdict in favor of Sophie Kukowski in the amount of $80,000.00. The jury apportioned negligence as follows: sixty (60%) percent against Matt Slap and forty (40%) percent against Chester Kukowski. Chester Kukow-

ski's consortium damages were set at $20,000.00 by the jury.

We will first address Matt Slap's claim that the trial court erred in failing to grant a new trial. Matt Slap contends that the following jury instructions were erroneous and prejudicial, necessitating the grant of a new trial:

Now the other defendant is Chester Kukowski, the driver of the car in which his wife was a passenger. And there is a body of law governing the operators of automobiles. It's quite simple.

The operator of a motor vehicle must at all times exercise reasonable care under the circumstances, and must have his car under such control that it can be stopped before doing injury to any person or thing, and any situation reasonably apt to arise in the circumstances.

Now we also have what has been called the assured cleared distance principle. That is that if there is an object that is reasonably understood to be dangerous, it could be another vehicle, or it could be one that is not dangerous, it could be a pedestrian; or it could be a deep hole. That the driver of the automobile must be able to stop within an assured clear distance before coming into contact with that person or that object.

\*　　\*　　\*　　\*　　\*　　\*

... Now even though Chester Kukowski was operating [sic] and had the duty of exercising reasonable care, ordinarily he is not bound to anticipate the negligence of others. But where such negligence is evident he must act as a reasonable man in seeking to avoid harm to others. And you must determine, based upon the testimony on the size of this fault, whether Mr. Kukowski did or did not have sufficient time to avoid the accident.

\*　　\*　　\*　　\*　　\*　　\*

Now negligence should not be implied because of a failure to perform a duty, that came about so suddenly and unexpectedly that there was no opportunity to comprehend the situation, and to act according to the emergency. You have to decide in a review of the evidence,

whether Mr. Kukowski was faced with such an emergency situation. And he would not be liable if faced with such a situation, as long as he acted as a reasonable person would under those situations.

R.R. at 101a–102a, 108a, 122a.

■■■■ It is well established law that an appellate court must review a jury charge as a whole, against its evidentiary background. Reversible error will be found only where the jury instruction has been shown to have been harmful or prejudicial to the complaining party, as well as erroneous. *Anderson v. Hughes*, 417 Pa. 87, 92, 208 A.2d 789, 791 (1965); *Mickey v. Ayers*, 336 Pa.Super. 512, 514, 485 A.2d 1199, 1201 (1984) (citations omitted). Although we find error in the content of the court's jury instructions in the instant case, we find no accompanying prejudice to the complaining party, Matt Slap.

The trial court charged the jury concerning the "assured clear distance ahead" rule, which is derived from the Pennsylvania Vehicle Code:

> *§ 3361.  Driving vehicle at safe speed*
>
> No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead rule....

75 Pa.C.S.A. § 3361. "If a fact finder determines that a driver has failed to operate his or her vehicle at a speed and with such control that the vehicle can be stopped within the assured clear distance ahead, the driver must be found negligent as a matter of law." *Spearing v. Starcher*, 367 Pa.Super. 22, 28, 532 A.2d 36, 39 (1987) (citations omitted). Recently, in *McKee et al. v. Evans et al.*, 380 Pa.Super. 120, 551 A.2d 260 (1988), this Court, sitting *en banc*, discussed the interplay of the assured clear distance rule and the "sudden emergency" doctrine. We defined the sudden emergency doctrine in the following terms:

The 'sudden emergency' doctrine is available as a defense to a defendant who suddenly and unexpectedly finds himself confronted with a perilous situation that permits no opportunity to assess the danger and respond appropriately.... The doctrine is successfully applied as a defense where the defendant proves that he did not create the emergency ... and where he responded in a reasonable fashion....

380 Pa.Superior Ct. at 146–147, 551 A.2d at 272 (citations omitted). The *McKee* Court recognized that "[o]ne invoking the defense of sudden emergency cannot be responsible for creating the very peril and is ordinarily excused from liability because he lacked the time to react as he would have done under otherwise foreseeable circumstances." *Id.*, 380 Pa.Superior Ct. at 147, 551 A.2d at 273.

We find that, in the instant case, although the trial court correctly charged the jury concerning the assured clear distance rule, the court erred in finding that the sudden emergency doctrine was applicable to this case. In motor vehicle accident cases, the sudden emergency doctrine may be invoked where there is testimony suggesting "the sudden interjection of a moving object" into a vehicle's path of travel. *Brown v. Schriver*, 254 Pa.Super. 468, 475, 386 A.2d 45, 49 (1978). "Consequently, evidence of confrontation with pre-existing, static road conditions does not properly call for an instruction on the applicability of the sudden emergency doctrine." *McKee, supra*, 380 Pa.Super. at 149, 551 A.2d at 274. In *Brown v. Schriver*, for example, the driver of a car had lost control of his vehicle when it apparently slipped on some gravel or cinders on the roadway surface. The driver had testified that he did not notice the gravel prior to losing control of his car. We granted a new trial in *Brown*, because the trial court had not charged the jury concerning the assured clear distance ahead rule, but had instead charged them regarding the sudden emergency doctrine. We recognized that "the 'assured clear distance ahead' rule applies to static or essentially static objects while the 'sudden emergency' doctrine only applies

to moving instrumentalities suddenly and unexpectedly thrust into a driver's path of travel." *Brown, supra,* 254 Pa.Super. at 470, 386 A.2d at 46 (footnote and citations omitted). In *Brown,* the jury determined that the driver of the car which had encountered the gravel was not negligent in his operation of the vehicle. *See also Hanlon v. Sorenson,* 289 Pa.Super. 268, 433 A.2d 60 (1981) (trial court erred in charging the jury on the "sudden emergency" doctrine with respect to the fact that the highway was covered with gravel); *McErlean v. McCartan,* 280 Pa.Super. 531, 421 A.2d 849 (1980) (where jury returned a verdict in favor of the defendant-driver, new trial was required because the 'sudden emergency' doctrine, which was included in the jury instructions, does not apply to a wet road surface involved in an auto accident); *Sullivan v. Wolson,* 262 Pa.Super. 397, 396 A.2d 1230 (1979) (snow and ice on road, as well as presence of stopped automobile, were all preexisting conditions so that defendant motorist was not entitled to sudden emergency doctrine).

The existence of a pothole or potholes in the parking lot of Matt Slap Chevrolet was a preexisting, static road condition. Thus, it is evident that the trial court erred when it instructed the jury concerning the sudden emergency doctrine. Only the assured clear distance ahead rule was applicable.[1] Even though the court erred in mentioning the sudden emergency doctrine to the jury, Matt Slap has failed to demonstrate any specific prejudice resulting from this

1. Generally, where a sudden and clear emergency takes place within the range of the assured clear distance, the assured clear distance rule is inapplicable and the jury should not be instructed concerning it. *Brown v. Schriver,* 254 Pa.Super. 468, 477, 386 A.2d 45, 49 (1978). It is only proper to charge the jury on both the assured clear distance ahead rule and the sudden emergency doctrine where the facts do not conclusively establish the existence of a sudden emergency. *Mickey v. Ayers,* 336 Pa.Super. 512, 518, 485 A.2d 1199, 1203 (1984) (citations omitted). *See also Cervone v. Reading,* 371 Pa.Super. 279, 538 A.2d 16 (1988) (trial court properly instructed jury on the assured clear distance ahead rule and the sudden emergency doctrine, where evidence conflicted as to whether a truck, involved in an accident with a motorcycle, suddenly moved onto the highway in front of the motorcycle).

erroneous charge. Chester Kukowski was found by the jury to have been forty percent negligent with regard to this accident. We find that, under the particular facts of the instant case, the actual verdict returned by the jury demonstrates a rejection of the sudden emergency doctrine by the factfinder or, in the alternative, a failure to consider it. *See Elder v. Orluck*, 334 Pa.Super. 329, 483 A.2d 474 (1984). Indeed, the rejection of this doctrine is supported by the testimony of Sophie Kukowski, wherein she states that she and her husband were having difficulty driving over the terrain of the parking lot prior to the accident, thus indicating that they were not surprised by an isolated patch of rough roadway:

> Q. Now, could you tell the jury in your own words what happened after you went to pick up your car.
>
>      \*     \*     \*     \*     \*     \*
>
> A. This second day we had to go around quite a few cars which gave us a one-way lane out to the exit. In that direction, we found it was very difficult. The paving was—made the car jolt violently where my husband had the accident.
>
> Q. Well, could you describe to the jury what you mean by jolting violently?
>
> A. The car went from side to side, and I went up in the air. I remember when I hit my head up, the car suddenly went to the right. . . .

R.R. at 66a–67a. Based upon the jury's determination that Chester Kukowski was forty percent negligent in the operation of his motor vehicle, we find that no prejudice resulted to Matt Slap from the sudden emergency jury instruction. Generally, where a factfinder determines that a motor vehicle operator was faced with a sudden emergency, which required a spontaneous response to avoid the impending danger, the operator is "excused from liability because he lacked time to react as he would have done under otherwise foreseeable circumstances." *McKee, supra*, 380 Pa.Super.

at 147, 551 A.2d at 273. While it may be true that a motor vehicle operator will not be fully excused from liability where he responded to a sudden emergency in a reckless or otherwise unreasonable manner, we need not consider this aspect of the sudden emergency doctrine because there is nothing in the record to indicate that Chester Kukowski acted unreasonably at the time he lost control of his car. *See Chiodo v. Gargloff & Downham Trucking Co.*, 308 Pa.Super. 498, 454 A.2d 645 (1983) (sudden emergency defense is available to a defendant where, *inter alia,* defendant proves he did not create the emergency and he responded in a reasonable fashion). The jury verdict in the instant case reveals a complete rejection of the sudden emergency doctrine or a failure to consider it and, consequently, the trial court did not err when it refused to grant a new trial.

We must now address the contention of Sophie Kukowski that the trial court erred in failing to award delay damages pursuant to Pa.R.C.P. 238. The trial court relied upon *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), in deciding whether to award delay damages to Sophie Kukowski. However, while the present case was pending in this Court, our Supreme Court promulgated a new Rule 238. New Rule 238 applies to "actions pending on or after the effective date of this rule [November 7, 1988] in which damages for delay have not been determined." This Court en banc has held that new Rule 238 is applicable in cases pending on appeal on the effective date of the new rule. *See Miller v. Wise Business Forms, Inc.*, 381 Pa.Super. 236, 553 A.2d 443 (1989).

We must remand the instant case for a hearing to determine delay damages in accordance with new Rule 238. Only two periods of time may be excluded from the calculation of damages under the Rule: (1) any periods of time after which the defendant has made a written offer of settlement, the offer is continued in effect for at least ninety days or until the commencement of trial, whichever

first occurs, the offer is rejected by the plaintiff, and the plaintiff does not recover more than 125 percent of the offer; and (2) any periods of time during which the plaintiff caused delay of the trial. Instantly, it appears from the record before us that no *written* settlement offers were made which would satisfy the requirements set forth above. Thus, Sophie Kukowski is entitled to recover delay damages, provided she did not cause the delay of trial.

The trial court, in its Opinion, concluded that Sophie Kukowski's settlement demands of $600,000.00 and $200,000.00 "may have been unreasonable thus causing delay in resolving this case." Op. of Trial Court, October 13, 1988, at 9. The trial court also states the following in its Opinion:

Additionally, plaintiff made requests for continuance to take depositions of his expert witnesses on January 31, 1987. Thereafter, on April 21, 1987 Sophie Kukowski was hospitalized for back surgery. On April 23, 1985 plaintiff refused to complete her deposition and insisted on having another female present due to the allegedly objectionable nature of questions asked her. The deposition was not rescheduled until July 21, 1986. Furthermore, she refused to release compensation records from the Pennsylvania State Workmen's Insurance Fund. However, counsel for plaintiff in a letter dated July 21, 1986 advised defense counsel to subpoena the compensation records, thereby causing an extension of the discovery period.

*Id.* Under new Rule 238, there must be a finding that the plaintiff caused a delay *of trial* in order to deny the award of delay damages. Thus, the trial court's emphasis on the reasonableness of Sophie Kukowski's settlement demands, while relevant under the *Craig* decision, is misplaced in light of the provisions of the new Rule 238. Further, as the comment to the new Rule makes clear, failure by a plaintiff to comply with discovery should not affect the award of delay damages unless the trial was delayed as a result. Whether any of Sophie Kukowski's actions actually delayed

the trial in the instant case is a question of the fact, which must be determined by the trial court upon remand.

Accordingly, we affirm the Order entered June 24, 1988, (No. 02178 Philadelphia 1988), and we reverse the Order entered October 13, 1988, (No. 03039 Philadelphia 1988), and remand for further proceedings consistent with this opinion. Jurisdiction is relinquished.

TAMILIA, J., files a concurring and dissenting opinion.

TAMILIA, Judge, concurring and dissenting:

I concur in the result as to remand for the purpose of reconsideration of delay damages in light of new Rule 238, and I also concur in the analysis by the majority of the interplay of the emergency doctrine and the assured clear distance rule. However, I respectfully dissent to the conclusion by the majority that the trial court's charge on the emergency doctrine was ignored by the jury and therefore was harmless.

We are unable to say to what extent the jury considered the effect of that charge on their decision to apportion damages 40 per cent against Matt Slap Chevrolet and 60 per cent against Chester Kukowski. Pursuant to the analysis of the interrelationship between the emergency doctrine and the assured clear distance rule, which I believe is sound and correct, a jury charge in keeping with that analysis and which made certain that the emergency doctrine did not apply, could well have turned the jury away from a finding of negligence against Matt Slap or reduced its apportionment against it considerably.

I believe the only manner in which justice can be rendered in this case is to grant a new trial with directions that the sudden emergency charge not be given.

Should the result of a new trial once against be in favor of the appellee, then the remand instructions as to the appeal of Rule 238 damages would apply.