J.S45042/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LY PHAM VU, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARVIN DURNELL, | : | |
| | : | |
| Appellee | : | No. 3338 EDA 2013 |

Appeal from the Judgment Entered January 7, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: March Term, 2012 No. 01774

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED SEPTEMBER 30, 2014**

Appellant, Ly Pham Vu, appeals from the judgment entered in the

Philadelphia County Court of Common Pleas in favor of Appellee, Marvin

Durnell.[1]  Appellant contends the trial court erred in instructing the jury as

to the "sudden emergency doctrine."  We vacate and remand for a new trial.

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the November 4, 2013 order denying the post-trial motion for a new trial.  However,

> the appeal properly lies from entry of final judgment in this matter.  [The] appeal was perfected when the trial court entered final judgment on [January 7, 2014].  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of

J. S45042/14

Appellant and Appellee were involved in a motor vehicle accident on January 21, 2011. On March 16, 2012, Appellant filed a complaint against Appellee sounding in negligence. At the time of trial, Appellee testified, *inter alia*, as follows:

> [Counsel for Appellant]: . . . We're here for the incident that happened January 21st, 2011, correct?
>
> A: Yes.
>
>           * * *
>
> Q: Sir, when you got in your car to go home . . . when you walked to your car, could you see snow on the ground?
>
> A: Yes.
>
> Q: Could you see ice on the ground?
>
> A: Some places maybe. But it was snow underneath them I'm sure.
>
>           * * *
>
> Q: . . . You drove your car to this intersection; is that right?
>
> A: Yes.
>
> Q: And you made a right-hand turn on 10th Street. And when you made that right-hand turn on 10th Street, could you see the traffic light immediately?

an appealable order shall be treated as filed after such entry and on the day thereof.")

**Health Care & Ret. Corp. of Am. v. Pittas**, 46 A.3d 719, 721 n.1 (Pa. Super. 2012), *appeal denied*, 63 A.3d 1248 (Pa. 2013). We have amended the caption accordingly.

A: Yes.

Q: And when you first saw your traffic light, it was red, correct?

A: Yes.

Q: Steady red light?

A: Yes.

Q: There were no vehicles ahead of you?

A: No.

*    *    *

Q: . . . As you're going towards 10th Street towards your red light, you slide through the intersection past the red light and you collide with [Appellant's] vehicle, correct?

A: Yes.

N.T., 10/16/13, at 43, 48-49. Appellee also testified he "slid through the red light on black ice." *Id.* at 51.

At trial, Appellee contended the basis for a sudden emergency instruction was black ice on the roadway. N.T., 10/16/13, at 11. Appellant opposed the instruction. *Id.* at 85-88. The court charged the jury, *inter alia*, as follows:

> In this case, [Appellee] claims he is not liable for [Appellant's] harm because he faced a sudden emergency and responded reasonably under the circumstances. In order to establish this defense, [Appellee] must prove to you all of the following:
>
> [Appellee] faced a sudden emergency requiring immediate responsive action.

[Appellee] did not create the sudden emergency.

And third, [Appellee's] response to the sudden emergency was reasonable under the circumstances.

N.T., 10/18/13, at 61-62.

Following trial, the jury returned a verdict for Appellee. Appellant's post-trial motion was denied. Judgment was entered in favor of Appellee and this timely appeal followed. Appellant filed a timely court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The trial court filed a Pa.R.A.P. 1925(a) opinion.[2]

Appellant raises the following issue for our consideration:

---

[2] We note that the trial court's Rule 1925(a) opinion did not address the issue raised on appeal. In the Rule 1925(b) statement, Appellant raised seven issues. Six of the issues addressed the sudden emergency doctrine. Appellant also averred the court erred in denying the post trial motion without oral argument. The court stated that because the trial transcripts were not part of the record it could not determine whether Appellant had preserved the issues raised on appeal or whether they had any merit. Trial Ct. Op., 1/23/14, at 3. As a result, the trial court suggested that Appellant has waived the issues raised on appeal and that we should affirm the judgment.

The trial transcripts are likewise not included in the certified record on appeal, but copies are included in the reproduced record. This Court has stated that when "the accuracy of the reproduction has not been disputed . . . we may consider it." *Commonwealth v. Brown*, 52 A.3d 1139, 1145 n.4 (Pa. 2012). Appellee does not dispute the accuracy of the reproduced record. We note that Appellant raised this issue before the trial court at the time of trial and in a post trial motion, thus preserving the issue on appeal. *See* N.T., 10/16/13, at 85-88; [Appellant's] Post Trial Motion, 10/30/13, at 2.

- 4 -

> 1. Whether the trial court abused its discretion and otherwise committed an error of law when it charged the jury as to the "sudden emergency doctrine," because [Appellee] failed to prove all the required elements of the "sudden emergency doctrine" at trial?

Appellant's Brief at 7.

Appellant argues the sudden emergency doctrine was inapplicable in the instant case because there was no "moving instrumentalit[y] unexpectedly thrust into the driver's path," citing *Lockhart v. List*, 665 A.2d 1176, 1182 (Pa. 1995).  Appellant's Brief at 16.  Appellant contends that the charge on the sudden emergency doctrine was not harmless error and as such a new trial is warranted.  *Id.* at 20.  He avers that the court's instruction indicated that Appellee could avoid liability if the jury believed that he faced a sudden emergency and responded reasonably.  *Id.* at 21.  Appellant concludes the jury instruction controlled the verdict in this case and constituted prejudicial error.  *Id.*  We agree.

Our Supreme Court has stated:

> In examining jury instructions, our scope of review is limited to determining whether the trial court committed a clear abuse of discretion or error of law controlling the outcome of the case.  Error in a charge is sufficient ground for a new trial if the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue.  Error will be found where the jury was probably [misled] by what the trial judge charged or where there was an omission in the charge.  A charge will be found adequate unless the issues are not made clear to the jury or the jury was palpably misled by what the trial judge said or unless there is an omission in the charge which amounts to a fundamental error.  In reviewing a trial court's charge to the jury[,] we must look to the charge in

its entirety. Because this is a question of law, this Court's review is plenary.

***Passarello v. Grumbine***, 87 A.3d 285, 296-97 (Pa. 2014) (citation omitted).

Our Supreme Court first recognized the sudden emergency doctrine 160 years ago. More recently, our Supreme Court described the sudden emergency doctrine as follows:

The sudden emergency doctrine . . . is available as a defense to a party who suddenly and unexpectedly finds him or herself confronted with a perilous situation which permits little or no opportunity to apprehend the situation and act accordingly. The sudden emergency doctrine is frequently employed in motor vehicle accident cases wherein a driver was confronted with a perilous situation requiring a quick response in order to avoid a collision. The rule provides generally, that an individual will not be held to the "usual degree of care" or be required to exercise his or her "best judgment" when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than the person claiming protection under the doctrine. The rule recognizes that a driver who, although driving in a prudent manner, is confronted with a sudden or unexpected event which leaves little or no time to apprehend a situation and act accordingly should not be subject to liability simply because another perhaps more prudent course of action was available. Rather, under such circumstances, a person is required to exhibit only an honest exercise of judgment. The purpose behind the rule is clear: a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a foreseeable occurrence. It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly.

"A party who pleads the existence of [a sudden] emergency bears the burden of proof on this allegation."[3] "[W]here the evidence leaves some doubt as to whether an emergency situation existed, wholly independent of and not created by the plaintiff's own acts of negligence or recklessness, it is incumbent upon the trial [court] to submit the issue to the jury for its determination."

**Drew v. Work**, 95 A.3d 324, 330 (Pa. Super. 2014) (citations omitted).

This Court stated in **Drew** "that **road conditions, such as gravel or ice, are not sudden emergencies** . . . ." **Id.** at 338 (citing **Kukowski v. Kukowski**, 560 A.2d 222, 225 (Pa. Super. 1989)) (emphasis added).

In **Kukowski**, this Court found that the sudden emergency doctrine was inapplicable where the driver lost control of his vehicle after hitting several potholes. **Kukowski**, 560 A.2d at 225. We reasoned:

In motor vehicle accident cases, the sudden emergency doctrine may be invoked where there is testimony suggesting "the sudden interjection of a moving object" into a vehicle's path of travel. **Brown v. Schriver**, [ ] 386 A.2d 45, 49 ([Pa. Super.] 1978). "Consequently, evidence of confrontation with pre-existing, static road conditions does not properly call for an instruction on the applicability of the sudden emergency doctrine." [**McKee et al. v. Evans et al.**, 551 A.2d 260, 274 ( Pa. Super. 1988)]. In **Brown v. Schriver**, for example, the driver of a car had lost control of his vehicle when it apparently slipped on some gravel or cinders on the roadway surface. The driver had testified that he did not notice the gravel prior to losing control of his car. We granted a new trial in **Brown**,

---

[3] We note that "[t]he sudden emergency doctrine in Pennsylvania is not an affirmative defense . . .  and thus, unlike an affirmative defense, the sudden emergency doctrine need not be pled under Pa.R.C.P. 1030(b)." **Shiner v. Ralston**, 64 A.3d 1, 4 (Pa. Super. 2013), *appeal denied*, 72 A.3d 604 (Pa. 2013).

because the trial court had not charged the jury concerning the assured clear distance ahead rule, but had instead charged them regarding the sudden emergency doctrine. We recognized that "the 'assured clear distance ahead' rule applies to static or essentially static objects while the 'sudden emergency' doctrine only applies to moving instrumentalities suddenly and unexpectedly thrust into a driver's path of travel." **Brown**, [ ] 386 A.2d at 46 (footnote and citations omitted). In **Brown**, the jury determined that the driver of the car which had encountered the gravel was not negligent in his operation of the vehicle. **See also Hanlon v. Sorenson**, [ ] 433 A.2d 60 ([Pa. Super.] 1981) (trial court erred in charging the jury on the "sudden emergency" doctrine with respect to the fact that the highway was covered with gravel); **McErlean v. McCartan**, [ ] 421 A.2d 849 ([Pa. Super.] 1980) (where jury returned a verdict in favor of the defendant-driver, new trial was required because the 'sudden emergency' doctrine, which was included in the jury instructions, does not apply to a wet road surface involved in an auto accident); **Sullivan v. Wolson**, [ ] 396 A.2d 1230 ([Pa. Super.] 1979) (**snow and ice on road, as well as presence of stopped automobile, were all preexisting conditions so that defendant motorist was not entitled to sudden emergency doctrine**).

**Id.** (emphasis added).

Analogously, in the instant case, we find that black ice on the roadway did not constitute a sudden emergency. **See Drew**, 95 A.3d at 330; **Kukowski**, 560 A.2d at 225. Accordingly, the trial court erred as a matter of law in charging the jury on the "sudden emergency" doctrine. **See Passarello**, 87 A.3d at 296-97. The jury returned a verdict in favor of Appellee, therefore, a new trial is required because of the sudden emergency jury instruction. **See Drew**, 95 A.3d at 330; **Kukowski**, 560 A.2d at 225.

We vacate the judgment and remand for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/30/2014