J-A33033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| KARLA M. TURNER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| SAFEWAY TRUCKING CORPORATION, | : | |
| GEMINI TRAFFIC SALES, INC., | : | |
| LEONCIO A. CASTILLO, AND HENRY | : | |
| BOWMAN | : | |
| | : | |
| Appellees | : | No. 1101 EDA 2015 |

Appeal from the Judgment Entered March 26, 2015,
in the Court of Common Pleas of Philadelphia County,
Civil Division, at No(s):  January Term, 2012 NO. 01546

BEFORE:    FORD ELLIOTT, P.J.E., STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 12, 2016**

Karla M. Turner (Turner) appeals from a judgment entered against her and in favor of Safeway Trucking Corporation (Safeway), Gemini Traffic Sales, Inc. (Gemini), Leoncio A. Castillo (Castillo), and Henry Bowman (Bowman) (collectively Appellees).  We affirm.

The background underlying this matter can be summarized as follows.

This motor vehicle action arose from a three car motor vehicle accident that occurred on February 22, 2010 on I-78, a four lane highway.  At the time of this accident, [Turner] was the driver of a school bus which struck the rear of [] Bowman's van which had run out of gas and was stopped in the right most lane of the highway.  The impact between [Turner's] bus and the Bowman van caused [Turner's] bus to veer out of control and was then struck on the passenger side by [] Castillo's tractor trailer.  Prior to the impacts, Castillo's tractor trailer had also

*Retired Senior Judge assigned to the Superior Court.

been travelling in the right lane behind [Turner's] bus. [Turner] filed [a negligence] suit against [Appellees].[1]

Trial began in this matter with jury selection on February 28, 2014 and concluded on March 11, 2014 with a jury verdict in favor of [Appellees], finding [Turner] to be 59% comparatively negligent and [] Bowman and Castillo to be 29% and 12% comparatively negligent, respectively. [Turner] timely filed post-trial motions for a new trial, which were denied by [the trial court] pursuant to an order [entered March 26, 2015. In the same order, the court entered judgment in favor of Appellees and against Turner.] On April 13, 2015, [Turner filed a notice of appeal]. On April 22, 2015, [the trial court] entered an order pursuant to [Pa.R.A.P.] 1925(b) requiring [Turner] to file a concise statement of errors complained of on appeal. [Turner] timely filed [her] 1925(b) statement[, and the trial court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a)].

Trial Court Opinion, 7/21/2015, at 1-2 (unnecessary capitalization omitted).

In her brief to this Court, Turner asks us to consider the questions that follow.

1. Did the trial court err in charging the jury as to the sudden emergency doctrine with respect to [Castillo], where the evidence adduced at trial established that [Castillo's] negligence was responsible for creating any sudden emergency with which he was presented?

2. Did the trial court err in failing to give the assured clear distance ahead rule point of charge to the jury as to [Castillo] where [Castillo] was not confronted with a sudden emergency and where [Castillo] failed to bring his vehicle to a stop within a distance that he could clearly see?

Turner's Brief at 4 (unnecessary capitalization omitted).

---

[1] Castillo owned the truck he was driving and was hauling a trailer for Safeway, who, according to Castillo's testimony, merged with Gemini at some point. N.T., 3/7/2015, at 28-19.

Turner's issues are closely related; so, we will address them together. At trial, Turner objected to the trial court instructing the jury that the "sudden emergency" defense was available to Castillo. Instead, regarding Castillo, Turner believed the court should provide to the jury an instruction pursuant to the "assured clear distance ahead" rule. The court determined that the "sudden emergency" instruction was proper and instructed the jury in the following manner.

> In this case the defendants claim they're not liable for plaintiff's harm because they face [*sic*] sudden emergencies and responded reasonably under the circumstances. In order to establish this defense the defendants must prove to you all of the following: That the defendant faced a sudden emergency requiring immediate responsive action, that the defendant did not create the sudden emergency, and that the defendants' response to the sudden emergency was reasonable under the circumstances. Defendants must prove his [*sic*] defense by a preponderance of the evidence.
>
> A person may not avail himself of the protection of the sudden emergency doctrine if that person himself was driving carelessly or recklessly. A person will not be held to the usual degree of care or be required to use his best judgment when confronted with a sudden and unexpected position of peril only if the peril was created in whole or in part by someone other than the person claiming the protection under the doctrine. The mere happening of an accident is not evidence of negligence or of any liability on the part of the defendants.

N.T., 3/11/2015, at 42-43.[2]

---

[2] It is unclear why the court utilized the words "defendants" and "defendant" instead of using "Castillo." In any event, Turner has never challenged the court's word choice.

On appeal, Turner first argues that the trial court erred by charging the jury with the "sudden emergency" doctrine as to Castillo. Turner's Brief at 12-19. In this regard, Turner's primary argument is that Castillo's negligence created any sudden emergency Castillo encountered. Next, Turner contends that, because the "sudden emergency" charge was unavailable to Castillo, the court should have charged the jury with the "assured clear distance ahead" rule.[3] *Id.* at 20-23. Lastly, Turner maintains that she was prejudiced by the court's allegedly erroneous instruction. *Id.* at 23-24. In so doing, Turner states, *inter alia*, "In the event that the jury did not believe that Castillo was faced with a sudden emergency (which they did not appear to believe given the fact that he was held 12% liable) they were left without any clear guidance as to what specific standard to use with which to gauge his conduct." *Id.* at 23.

Our Supreme Court has outlined the principles that govern the review of these matters as follows.

---

[3] In the middle of this argument, Turner contends that, at the very least, the trial court should have charged the jury on both the "sudden emergency doctrine" and the "assured clear distance ahead rule." Turner's Brief at 22. Turner does not indicate where in the record she preserved such an issue, in violation of Pa.R.A.P. 2117(c) and 2119(e). Our independent review of the record did not uncover any request from Turner to the trial court that the court give both of these instructions. Consequently, Turner has waived any issue as to whether the court should have given both of the instructions. Pa.R.A.P. 302(a). The issue also is waived because Turner did not include it in her 1925(b) statement, Pa.R.A.P. 1925(b)(vii), or in the "statement of questions involved" portion of her appellate brief, Pa.R.A.P. 2116(a).

First, in reviewing a claim regarding error with respect to a specific jury charge, we must view the charge in its entirety taking into consideration all the evidence of record and determine whether [] error was committed and, if so, whether that error was prejudicial to the complaining party. Error will be found where the jury was probably misled by what the trial judge charged or where there was an omission in the charge which amounts to fundamental error. Additionally, in reviewing a claim regarding the refusal of a court to give a specific instruction, it is the function of [an appellate court] to determine whether the record supports the trial court's decision. The law is clear that a trial court is bound to charge only on that law for which there is some factual support in the record. We note further that it is not the function of the trial court in charging a jury to advocate, but rather to explain the principles of law which are fairly raised under the facts of a particular case so as to enable the jury to comprehend the questions it must decide.

*Lockhart v. List*, 665 A.2d 1176, 1179 (Pa. 1995).

In *Lockhart*, our Supreme Court aptly explained the "assured clear distance ahead" rule, the "sudden emergency doctrine," and the interplay between these two concepts in the following manner:

Both the assured clear distance ahead rule and the sudden emergency doctrine, which are most often employed in cases arising out of a motor vehicle accident, are well established in our case law. Given the fact specific nature of motor vehicle accident cases, however, the application of these two doctrines in our case law, either in isolation or in conjunction with each other, is somewhat varied rendering a precise and absolute rule of law thereon rather elusive. Accordingly, a review of the fundamentals of both doctrines is necessary before addressing the specifics of the instant matter.

The assured clear distance ahead rule, which is codified in the Vehicle Code, 75 Pa.C.S. § 3361, requires a motorist to be capable of stopping within the distance that he or she can clearly see…. Th[e Supreme] Court discussed the assured clear distance ahead rule at some length in *Fleischman v. City of*

- 5 -

**_Reading_**, 130 A.2d 429 (Pa. 1957). Specifically, th[e] Court noted:

> "Assured clear distance ahead" means only what it says: a clear distance that is assured, that is, one that can reasonably be depended on. The rule does not mean that the motorist must carry in his mind every possible series of combinations which could conspire against him, and that he must transport ready-made solutions to overcome all fortuitous hazards which suddenly face him. _Assured_ does not mean _guaranteed._... The assured clear distance ahead rule has never been interpreted by th[e Supreme] Court as imposing a duty upon a driver to anticipate any and all possible occurrences, however remote. Rather, a driver is required to anticipate only that which is reasonable. In short, the assured clear distance ahead rule simply requires a driver to control the speed of his or her vehicle so that he or she will be able to stop within the distance of whatever _may reasonably be expected_ to be within the driver's path.
>
> The sudden emergency doctrine, on the other hand, is available as a defense to a party who suddenly and unexpectedly finds him or herself confronted with a perilous situation which permits little or no opportunity to apprehend the situation and act accordingly. The sudden emergency doctrine is frequently employed in motor vehicle accident cases wherein a driver was confronted with a perilous situation requiring a quick response in order to avoid a collision. The rule provides generally, that an individual will not be held to the "usual degree of care" or be required to exercise his or her "best judgment" when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than the person claiming protection under the doctrine. The rule recognizes that a driver who, although driving in a prudent manner, is confronted with a sudden or unexpected event which leaves little or no time to apprehend a situation and act accordingly should not be subject to liability simply because another perhaps more prudent course of action was available. Rather, under such circumstances, a person is required to exhibit only an honest exercise of judgment. The purpose behind the rule is clear: a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be

- 6 -

held to the same standard of care as someone confronted with a foreseeable occurrence. It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly.

*Lockhart*, 665 A.2d 1176, 1179-80 (footnotes and citations omitted) (emphasis in the original).

Even if we assume *arguendo* that the court erred by charging the jury on the "sudden emergency doctrine" instead of the "assured clear distance ahead rule," Turner has failed to convince us that such an error prejudiced her. First, as Turner points out, the jury found Castillo to be 12% comparatively negligent; thus, by all appearances, the jury did not afford Castillo the protection of his "sudden emergency" defense. Consequently, to the extent the court erroneously instructed the jury on this charge, the error was harmless. *Kukowski v. Kukowski*, 560 A.2d 222, 225-26 (Pa. Super. 1989).

Moreover, we are not persuaded by Turner's contention that she suffered prejudice because the trial court failed to charge the jury on the "assured clear distance ahead" rule. Contrary to Turner's suggestion that the jury was left without any clear guidance as to what standard to use to gauge Castillo's conduct, the trial court provided the jury with detailed instructions on negligence and its elements. N.T., 3/11/2015, at 38 to 51. Indeed, the jury's verdict sheet reflects that the jury found that Castillo was negligent, that his negligence was a factual cause of harm to Turner, and

that Castillo's negligence constituted 12% of the overall negligence which caused harm to Turner.

After reviewing the trial court's jury charge in its entirety, while taking into consideration all of the evidence of record, we conclude that the charge did not contain prejudicial error as to Turner. Consequently, the trial court did not err by denying Turner's post-trial motion for a new trial. For these reasons, we affirm the judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/12/2016